<div style="text-align:center">New trial denied.</div>

---

## JACKSON, *ex dem.* KROM *against* BRINK.

EJECTMENT, tried at the Ulster circuit, October 14th, 1823, before BETTS, C. Judge. ·

It appeared that Benjamin Krom, the father of the lessor of the plaintiff, died seised of the premises in question, a farm in Marbletown, Ulster county: leaving a wife and four children, the lessor being the eldest, and a child of a former wife. The widow entered into possession with her children. In 1798, the right and title of the lessor to the real estate of which his father died seised in Marbletown, was sold by the sheriff on a warrant from the county treasurer, against the lessor as a defaulting collector. The widow became the purchaser; and received a deed from the sheriff, dated November 28th, 1800.

The judge decided, that this deed passed no title for want of a particular description; and that, though the widow and the defendant who claimed under her, had been in possession down to the commencement of the suit, he held, that the entry and possession of Mrs. Krom, after her husband's death, being in common with the infant co-heirs of the lessor, was not hostile in its inception; and could not become so, as to the plaintiff, by her purchase at sheriff's sale; and the jury found for the plaintiff, under his direction to that effect.

<div style="float:right; width:30%">Though a tenant in common enter, without claiming adversely, to his co-tenants yet his possession may afterwards become adverse, by some notorious act and claim of title; as if he purchase his co-tenant's interest under a deed from the sheriff; and this, though the deed be defective for want of a particular description of the land.

To constitute an adverse possession, it is not necessary that the deed under which it is claimed, be valid.</div>

The rule that an adverse possession, to bar an action of ejectment, must be hostile in its inception, and continue so for 20 years, does not apply to the entry of the tenant; but to the act by which the possession becomes adverse.

*C. H. Ruggles*, (*J. Sudam*, same side,) moved for a new trial; and cited 7 Wheat. Rep. 120; Cowp. 217; 16 John. 301; 5 Cowen, 74; 2 W. Bl. 692.

*B. F. Butler*, contra, cited 5 Wheat. Rep. 116, 124; 4 id. 213; 9 John. 163.

*Curia*, per SAVAGE, Ch. J. Admitting the first point to be correctly decided according to *Jackson* v. *Delancey*, (13 John. 551-2;) yet I think the judge erred on the other point. It is undoubtedly true, that the possession of one tenant in common, in general, enures to the benefit of all. But it is equally true, that one tenant in common, may oust his co-tenant, and hold adversely to him. It will not be presumed from a sole possession, unless accompanied with some notorious act, or claim, which is sufficient to give character to the possession. (5 Wheat. 124. 7 id. 120, 1. 15 John. 501.)

In this case, it seems to me, there is abundant evidence of a public claim made by the widow to the individual ownership of the right of the lessor in the premises in question. The sheriff's deed is certainly evidence, that she purchased something; some supposed right of the lessor to land in Marbletown; which right she located upon the premises in question. Here was a public act. A sale at the court house a purchase and payment of money; her declarations afterwards, that she owned land of her own, all go to mark the change in the character of the possession. It is not necessary, that the deed should convey a good title. It is enough that it gives color to the claim of title set up under it.

The judge certainly misapplied the rule, that a possession, to be adverse must be hostile in its inception. The rule is so laid down, (*Brandt* v. *Ogden*, 1 John. Rep. 156,) but has often been subsequently qualified, and is understood not to apply to the entry upon the premises; for it has often been decided, that a possession taken under the true owner may, by a disclaimer of his title, subsequently become adverse. (16 John. 301. 5 Cowen, 74.) It was certainly not neces-

sary to change the occupancy, in order to change the character of the tenancy or claim of title.

It seems to me, that the defendant made out an adverse possession in himself, and the widow, under whom he claims, from the time of the sale in 1798; but clearly from 1800, the date of the deed.

A new trial, therefore, should be granted with costs to abide the event.

<div align="right">New trial granted.</div>