The opinion of the Court was delivered by
Duncan, J.
The Court inform the jury, that there was one ground of defence, which, if well founded in point of fact, would operate as a complete bar to the plaintiff’s claim, and that was, that the land had been in the constant and uninterrupted possession of the defendant, beyond the-time required by the statute of limitations. If the Court had stopped here, no objection could be made; and if, from a full view of the whole charge, this can be taken to have been the instruction, then there was no error. I have bent all the force of my understanding, to give it this construction, in vain.
The act of limitations does not prevent the entry of the owner of the land, and bringing an ejectment at any time; unless where there has been an actual, continued, visible, notorious, distinct, and hostile possession; for twenty-one years. The title draws to it the possession. To complete a title, possession, and the'right of property, must both concur. Possession, by operation of law, accompanies the title, unless the contrary is shewn, and until it is shewn. The law was made to protect the possession for the time prescribed by law, and not the bare intruder or squatter on unseated lands, whose possession has not continued for twentv-one years.- The possession and the right, go together, until there is an actual possession taken, adverse to that right; and to make that available against the right, it must have continued for twenty-one years. If that were not the law,- theta *24 a right would be acquired by the possession immediately, when the plaintiff’s title had accrued twenty-one years before, and he had not taken actual possession within that ' A possession for twenty-one minutes of unseated patented land, would equally confer a right, as a possession of twenty-one years. The owner does not forfeit his title to the first straggler who sets himself down on his land ; but the policy of the law, for the sake of quieting men’s possession, confers the possessory right itself, on him who has entered under an adverse claim, and held a notorious possession and occupation for twenty-one years. From the whole structure and strain of the opinion objected to, the law is not so laid down, for the Court set out with a direction, “ that in all cases, it is absolutely necessary, to entitle the plaintiff to recover, that he should prove that he, or those under whom he claims, were in possession of the premises within twenty-one years before the commencement of the suitand concluded by stating, that “ the plaintiff’s title accrued on the 4th May, 1782, and 21st May, 1783; the suit commenced on the 16thOctober,l809. More than twenty-seven years elapsed, between the time the title accrued, and that at which the suit was brought. Was the plaintiff during any part of that time in possession, or under any legal disability ? If he was not,” the Court say, “ they did not see how it was possible to get over the positive provisions of the act, and avoid finding a verdict for the defendants.” Still further they say to the jury, “ if your consciences are satisfied, that within twenty-one years before the action was brought, the plaintiff was in possession, then you are to determine on the right.” The Court speak of the operation of the statute, on the right of the plaintiff and defendant, and seem to endeavour at a distinction, which I cannot comprehend, but still return to the point, of the necessity, in all cases, of proof of possession within twenty-one years, unless the plaintiff ivas under one of the disabilities provided for in the act. If all this was said in reference to a case, where the defendant had proved a full possession for twenty-one years, it was unnecessary; at any rate, it was laid down in such broad terms, so unrestricted, so often reiterated, as that the jury might be led to believe that all rested on proof of that fact 5 a construction totally inadmissible, and directly repugnant to all the decisions on this branch of the act; an opinion which the *25 Supreme Court of the United States, in Shearman v. Irvine's Lessee, 4 Cranch, 367, declare to be erroneous ; and how it could have been entertained, unaccountable. The counsel for the defendant in error, has endeavoured to shew, that this was not intended by the Court; while the counsel for the plaintiff, says it was so intended. We must therefore judge of the opinion, as it is stated in the record, and as it appears to the Court: it does carry, taking the whole of it together, to the mind of the hearer, the idea, that the plaintiff, not labouring under any of the disabilities provided for in the act, could not in any case recover in ejectment, unless he had entered, or been in possession within twenty-one years before the commencement of the action. The judgment must therefore be reversed.
Judgment reversed.