By the Court. Oakley, C. J.
We think that we should be fully justified, by a long series of decisions, in holding that, in order to carry into effect the apparent intent of the testator, the word “ or,” in the fifth clause of the will, must be construed “ and,” so as to make the limitation over depend upon the contingency of the death of one or more of the children under age, without issue then living. The construction of the plaintiffs’ counsel, in effect, expunges the words “ under age” from the will, for supposing the testator to mean that the limitation over should take effect upon the death of any of the children without issue, whatever might be the age of the person so dying, the words “ under age” are plainly senseless. Had such been his meaning we cannot think that they would have been used. It is true that the word “ married” creates some perplexity. It embarrasses a construction that otherwise we could not hesitate to adopt, yet we cannot believe that the testator meant that marriage should have the effect of making an estate defeasible that otherwise would be absolute. Such, however, would be the necessary consequence of holding that the word “ married” was used to denote an alternative contingency. Oh the other hand, it is just as difficult to believe that he meant that the share of a child dying under age, and without issue, ■should, go over, if he were then married, and not otherwise. *359 Upon either construction, retaining the word “ or,” or' substituting “ and,” marriage, if any effect is to be given to the word “married,” is made a necessary condition of the limitation over. It is hardly possible that this could have been the intention of the testator, and hence, in order to give any reasonable interpretation to the clause of limitation, it seems that the word “ married” must be stricken out entirely. We think that the share of the child dying without issue should go to the survivors, whether the child should be married or unmarried at the time of his or her death, and that he probably meant that the limitation over should only take effect, in the event of such a death, during the minority of the person dying. And were it necessary it is this last construction that we should be inclined to adopt.
It is not necessary, however, nor do we mean to place our decision upon this ground, since we are all of opinion, that, adopting the plaintiffs’ construction of the clause of limitation, their claims, as the heirs-at-law of Mrs. Corbett, are effectually barred by the adverse possession, which is shown to have continued without interruption for more than twenty years prior to the commencement of this action. In 1830, when her sister Rebecca died, without issue, Mrs. Corbett was under no disability. She had then, if at all, an immediate right of entry, that she might then have enforced by suit. The statute, therefore, then commenced to run against her, and as nothing has since occurred to suspend its operation, the statutory period was more than completed when this action was brought. Hence it has perfected the title of the defendant, and raised a full bar to a recovery by the plaintiffs.
It is true, as a general rule, that the possession of a tenant in common is not considered to be adverse, since in judgment of l$w the possession of one such tenant is the possession of all, but the rule is not applicable when there is sufficient evidence of an ouster of the co-tenants; and in the case before us we think that the evidence of an ouster, setting the statute in motion, is not merely sufficient but conclusive. During the whole statutory period there has been an exclusive possession, an exclusive reception of rents and profits, and an exclusive claim of title. The defendant, and all those from and through whom *360 he derives his title, from the year 1793, have held the possession under deeds which, in terms, gave to them in succession an absolute fee, and nothing has been shown to shake the legal presumption that they have all claimed the title which their deeds purported to convey. There are other difficulties in the way of a recovery by the plaintiffs in this case, to which,- as they seem .to have been overlooked by the counsel of the parties, we deem it unnecessary to advert; we mention the iact merely to repel an inference that might otherwise bé; drawn from our silence. It. is sufficient now to say that the defence of an adverse possession, which, by force of the statute, bars a recovery, has, in our opinion, been fully established.
Judgment, upon the verdict, must be entered for the defendant with costs.