(18 App. Div. 121.)

### DE ST. LAURENT v. GESCHEIDT.

(Supreme Court, Appellate Division, Second Department.   May 24, 1897.)

1. ADVERSE POSSESSION—CLAIM OF TITLE.
     There is sufficient evidence that defendant's possession was under a claim of title adverse to plaintiff to require the submission of that question to the jury, where defendant testifies that the premises were open and abandoned when he took possession, but that he afterwards bought the premises from a third person, and got a deed therefor, but that he did not

record the deed, because he did not know that it was necessary, and that the deed was afterwards burned.

2. SAME—ORIGINAL ENTRY.
　　Possession may become adverse, though the original entry was not under a claim of title.

Appeal from trial term, Westchester county.

Action by Esther G. de St. Laurent, as grantor to and for the benefit of George A. Slator, as grantee, against Albert F. Gescheidt. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Reversed.

　Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William L. Snyder, for appellant.
Walter R. Beach, for respondent.

PER CURIAM. This action is in ejectment. The plaintiff traced title to herself by conveyances from one Purdy, who, about 1850, was unquestionably the owner and in possession of a tract of land including the lot in dispute. The only substantial defense sought to be maintained on the trial was that of adverse possession, and the only question presented on this appeal is whether the defendant proved such facts as entitled him to go to the jury on the question. According to the defendant's testimony, in 1867 he went into possession of the lot in dispute, and inclosed it with a fence. That possession he continued to maintain up to the trial of the action. Being asked how he happened to fence the lot, he stated that the premises were open and abandoned, and he took possession of it, the same as other people did the land around there. From this it is clear that the original entry of the defendant was not under any claim of title, and some claim of title is necessary to constitute adverse possession. "If it be a naked possession, not accompanied with any claim of right, it will never constitute a bar, but will inure to the advantage of the real owner." Humbert v. Trinity Church, 24 Wend. 587. "Under the statutes of this state there must be a claim or color of title, but, if the entry is under color of title, the possession will be adverse, however groundless the title." Sands v. Hughes, 53 N. Y. 288. See, also, In re Blizzard (Sup.) 18 N. Y. Supp. 82. Therefore, if there had been proof of no further claim of title by the defendant than to occupy this land simply because it was vacant, the direction of the trial court would have been correct. But the defendant further testified that in 1869 he bought the lot from one Noll, and got a deed for it; that he did not record the deed because he did not know that it was necessary, and that the deed was afterwards burned up. There may be grave suspicion as to the truth of this story, excited by its improbability, but it was a matter to be passed on by the jury. If the jury believed this story, then they might have found that from the time of obtaining this deed the defendant held the premises under a claim of right, for, as said in the Sands Case, supra, however groundless the title, if there be a claim of title, the possession will be adverse. It is true that in some of the cases and in text-books it is said that the original entry must be made in hostility to the true owner,

but the rule is subject to qualification. "A possession taken under the true owner may, by a disclaimer of his title, subsequently become adverse." Jackson v. Brink, 5 Cow. 483. So in Jackson v. Johnson, Id. 74, it was held that a possession taken at first under the true title may subsequently become adverse. In Jackson v. Thomas, 16 Johns. 293, it is said:

"The principle, however, that possession must, in its inception, be adverse, and continue so, is not well understood. In those cases in which that observation occurs nothing had happened to change the character of the first possession. * * * If one enter on land without any title or claim, or color of title, the law adjudges the possession to be in subservience to the legal owner, and no length of possession will render the holding adverse to the title of the owner; but if a man enters on land, without claim or color of title, and no privity exists between him and the real owner, and such person afterwards acquires what he considers a good title, from that moment his possession becomes adverse. I am not sensible that the court has ever held a contrary doctrine."

In addition to the acquisition of the deed from Noll, we are inclined to think that the conduct and acts of the defendant may have constituted some evidence of a claim of title, the effects of which were to be determined by the jury. Barnes v. Light, 116 N. Y. 34, 22 N. E. 441.

The judgment should be reversed, and a new trial granted; costs to abide the event.