## ROULSTON v. STEWART.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

ADVERSE POSSESSION—MISTAKE.

Possession by a grantee of land, beyond the boundaries of his deed, under a mistaken assumption that he owns that far, is adverse, within the meaning of·the statute of limitations, so that, if continued for 20 years, it vests in him the fee.

Appeal from trial term, Kings county.

Action by Thomas Roulston against Sylvester N. Stewart. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Manne, for appellant.
Hugo Hirsh, for respondent.

GOODRICH, P. J. The action is brought to compel the defendant to remove his building from land belonging to the plaintiff, and adjacent to his own, and was tried on an agreed statement of facts, reading as follows:

"That the plaintiff has a deed of the premises described in paragraph 1 of the complaint. That the defendant has a deed of the premises on the easterly side of the plaintiff's premises, as described in paragraph 2 of the complaint. That both parties have record title to such premises, respectively. That the building erected on the defendant's premises is a frame building with a brick foundation, and has been standing thereon since the year 1855; the said foundation extending about five feet below the surface, and about two feet above the surface. That when so erected by the defendant's grantor the westerly wall of defendant's said building was so erected by mistake, and upon the assumption by defendant's grantor that it was upon defendant's ground. That the same encroached about one foot and six inches upon the land described in paragraph 1 of the complaint, as shown by the survey as hereto annexed, and marked 'Ex. 1.' That in July, 1894, said westerly foundation wall having become out of repair, the same was taken down, and rebuilt upon the same lines theretofore occupied by said foundation wall. That, while defendant's grantor was taking down the old wall at the time aforesaid, he was notified by the plaintiff that the same encroached upon his premises, and not to replace it on the same line theretofore occupied by said wall, but to remove it to the line of the record title between the plaintiff and the defendant. That the fence in the rear of said premises was also

placed by mistake, and upon the assumption that it was on defendant's premises, and has not been moved since the same was erected, over twenty years ago, and that the fence in front of the building of defendant is five inches on the line of the land claimed by plaintiff; and that said front fence was erected by the plaintiff or his grantor within five years, and before July, 1894. The question to be determined herein, upon these facts, is: The plaintiff claiming that, while the old wall stood, the defendant had an easement only to the land encroached upon, but the defendant claiming that he had a title in fee to said land by adverse possession. This action was commenced July 10, 1895. That findings of fact and conclusions of law are to be submitted by the respective parties, and the action to be determined as if tried at special term. If the question of law herein submitted is decided in favor of the plaintiff, he shall be entitled to such relief as the court may deem him to be entitled to. If the question is decided in favor of the defendant, there shall be a judgment for defendant upon the merits."

No other evidence was introduced.

The court subsequently rendered its decision, as follows:

"That the defendant has acquired title in fee simple, by adverse possession, to the land shown by the survey in evidence to have been occupied by the encroachment of the westerly wall of the building erected by defendant in the year 1855, to the extent of a foot and a half, and the land inclosed by the fence in the rear of said westerly wall erected by defendant more than twenty years ago, as shown on said survey, to the extent of a foot, and that plaintiff has acquiesced in the location of said wall and fence since the same were respectively erected. That the front fence having been erected by the plaintiff, the defendant has not occupied any of the plaintiff's land in front of the said wall. That the complaint should be dismissed upon the merits, and the lis pendens canceled, with costs."

This decision is in accord with Crary v. Goodman, 22 N. Y. 170, where the court (Selden, J., writing) reviewed the authorities, and announced its conclusion as follows:

"The doctrine of the courts, therefore, evidently is that where a grantee, in taking possession under his deed, goes unintentionally and by mistake beyond his proper boundaries, and enters upon, and actually occupies and improves, land not included in the deed, claiming and supposing it to be his, this occupation is to be deemed adverse, within the meaning of the statute of limitations, and, if continued for twenty years, will bar the right of the true owner. It cannot be denied that this doctrine is in accordance with the strict letter of the statute, and it may perhaps be equally within its spirit and intent."

It is unnecessary to cite other authorities for our conclusion that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.