PEARSALL v. WESTCOTT et al.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

1. APPEAL—LAW OF THE CASE.
      The decision rendered on appeal is the law of the case on retrial thereof.
2. ADVERSE USER.
      Where defendant, in building a wall on his lot line, encroached on the adjoining lot, and the wall so stood for over 20 years, defendant acquired title to the strip on which the wall actually stood by adverse user.
3. SAME—USE OF WALL—EASEMENTS.
      Where plaintiff inserted the joists of his building into the wall of a building on an adjoining lot, and an inspection after the building was completed would have shown that no additional wall had been erected,

the use of the wall by plaintiff was so sufficiently open, notorious, and hostile as to indicate that it was done under a claim of right, and, continuing for over 20 years, gave plaintiff an easement therein for the purpose of supporting the joists of his building.

Appeal from special term.

Action by Samuel J. Pearsall against James H. Westcott and another. From a judgment awarding plaintiff an injunction and damages, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Edgar T. Brackett, for appellants.

A. W. Shepherd (C. H. Sturges, of counsel), for respondent.

PER CURIAM. The evidence, as it now appears in this case, does not differ from that which was before us on the former appeal, and the statement of facts as given in the opinion reported in 30 App. Div. 99, 51 N. Y. Supp. 663, is as applicable now as it was then. We then held that, upon the evidence, it must be considered that when Judge Warren built his dwelling house, in the spring of 1834, there was no building erected upon the lot now owned by the plaintiff; that the wall in question was not then built as a party wall, either by agreement between the adjacent owners, or by Judge Warren, who erected the same; that from the evidence it clearly appeared that Judge Warren erected such wall as the south wall of his dwelling house, and for that purpose solely. We further held that, having so erected it, and having continued it there since 1834, he had already acquired the title to the whole of such wall, and to the four inches of land in dispute, by adverse user, when the plaintiff purchased his lot in 1863, without regard to whether or not such strip was included within the limits of his paper title. We further held that the use of such wall, which was being maintained when the plaintiff purchased his lot, in 1863, and such use as he had enjoyed since, did not constitute such wall a party wall, so as to give plaintiff title to the south half thereof, nor to invest him with an ownership therein equal to that of Judge Warren and his grantees; that whatever rights the plaintiff so acquired were but an easement to enjoy that very use, and no more; and that the defendants, as grantees of Judge Warren, held the title to and use of the whole wall, subject only to that easement. We further held that, because it did not appear that the acts of the defendants in any way interfered with such easement, no cause of action was established against them; that they had not, in any way, invaded the plaintiff's rights; and that, therefore, the judgment against them was erroneous. Upon the trial from which this appeal is taken the evidence was not materially changed, except that it more clearly appears that the building upon the plaintiff's lot was not erected until some time after Judge Warren's house was built; and we are not able to discover why the judgment which we thus declared was not then adopted by the court below. The judgment must be again reversed, and a new trial granted; costs to abide the event.

It is to be noticed that this decision does not assume to deter-

60 N.Y.S.—52

mine whether the defendants' paper title locates their line so as to include the four inches in question. So far as such strip has been occupied by the brick wall, it became the defendants' by adverse user. But with reference to such strip extended west of the wall, and to the rear end of the lot, such adverse user does not apply. Hence the question whether the plaintiff, by occupying that strip in 1881, became a trespasser upon the defendants' land, depends upon a different situation from that considered here. The defendants insist, by way of counterclaim, not only that plaintiff was a trespasser upon the rear end of their lot, but also that he is now a trespasser in the use to which he puts the wall in question. They claim that supporting the joists upon the wall in question was not such a continued, open, and notorious use as is necessary to sustain an adverse user. Although the determination of this question is not necessary to a decision of the appeal before us, yet, as it will probably arise upon the new trial, it is proper to consider it now. The attaching the joists to the wall was certainly such a notorious and hostile act as to challenge the attention of Judge Warren, who was then the owner of the wall, and was sufficient to initiate an adverse holding. It is possibly true that, after the plaintiff's building was inclosed, any person succeeding to Judge Warren's title and possession might not observe that the joists were so supported. But it would seem that to any one interested in the matter a slight inspection of the roof of plaintiff's building and of the wall at the north end of it would show that no additional wall had been erected as the north wall of that building. The roof of such building was built up and annexed to this wall, and plainly suggested that it had been utilized as the north wall of that building from the ground upwards. Also, in 1881, the plaintiff continued that very wall up another story as the north wall of his building; thus again suggesting that no other wall had been built next to and south of it. The situation is quite different from the blind drain built under ground, and with nothing to attract attention to it, as was the case in Treadwell v. Inslee, 120 N. Y. 458, 24 N. E. 651. We are of the opinion that the use of the wall by the plaintiff was so sufficiently open and notorious as to at all times challenge the attention of the owners of the defendants' property, and was of such a hostile character as to indicate that it was done under a claim of right; and that, more than 20 years having elapsed since such use began, a grant from Judge Warren may be presumed of the right and privilege so to use it. Under this view of the case, the plaintiff cannot be deemed a trespasser for maintaining his joists in the south half of the wall in question, and may not be ejected therefrom. As to the structures placed by him upon the lot in the rear of this wall, as intimated above, his right to so place them depends upon facts not now sufficiently before us.

All concur.