(32 Misc. Rep. 663.)

## CORNELIUS et al. v. HALL.

(Supreme Court, Trial Term, Queens County. November, 1900.)

ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.

Defendant's grantor entered on land in 1865 or 1866, and built a house thereon costing about $500, and continued in possession and cultivated the land until he conveyed to defendant in 1878. There was some evidence that he was in possession as a tenant. One witness testified that she had heard him say that he paid rent for it, adding: "He used to pay only $1 a year. That was just a squatter's privilege." Another witness testified that defendant's grantor had admitted to witness' father that he had no right on the land. Both witnesses were old persons, testifying to what occurred 35 or 40 years before. *Held*, that the evidence was sufficient to show that defendant's grantor entered on the land under a claim of title.

Ejectment by Valentine W. Cornelius and others against Sarah N. Hall. Verdict directed for defendant.

Wilmot T. Cox, for plaintiffs.

A. P. Baxter, for defendant.

GAYNOR, J. The defendant has been in actual possession of the land claiming title since September 26, 1878, under a deed of conveyance thereof to her of that date by Thomas Willets who died thereafter in the same year. This deed was recorded October 1, 1878. This action was begun on September 24, 1898, i. e., two days before title by adverse possession under the said deed, reckoning from its date, would have become complete, or seven days counting from the date of recording, or a few weeks counting from the death of Willets, who continued to reside on the property, and it may be in apparent possession of it, until his death; the defendant, who was his niece, living with him. If the defendant can eke out this short period by an adverse possession of her grantor under a claim of title she is entitled to a verdict. He went into actual possession of the land, and built a house thereon costing about $500, in 1865 or 1866, and continued in such possession and cultivated the land until he conveyed it to the defendant. A claim of title may be made by acts alone just as effectively as by assertions of such claim. Such acts are often much more satisfactory evidence than oral assertions. The acts of building the house and living in it, and cultivating the land and exclusively possessing it, are sufficient evidence to support a finding of fact that he claimed title. In addition, he stated to two persons called as witnesses that he owned the land. This is competent evidence.

Against this the plaintiffs profess to show that the title is in them by a chain of grants, devises and descents beginning with the Andros grant from the crown to the town of Oyster Bay in 1677. This is supplemented by oral evidence that the defendant's grantor, Willets, was in possession as a tenant. This evidence is quite vague, being the recollection of two persons belonging to the family of the plaintiffs. Matilda Cock, now 75 years old, says that she does not know that Willets paid any rent, but that she heard him "say he paid rent for it," adding: "He used to pay only a dollar a year—that was just

a squatter's privilege." She does not fix a date, but it was apparently 35 or 40 years ago. None of the circumstances leading to such a declaration are given. This scarcely rises to the dignity of safe evidence, though the witness is doubtless a truthful woman. It seems to be more of a statement of a conclusion. The same is the case with the evidence of William 'Cock. He says in general words that he once heard his father say to Willets, "You know you have not any right there," and Willets respond, "Yes, I am perfectly well aware that I have not a particle of right there at all." The reason for this does not appear, nor could any exist if Willets was a tenant paying rent as is contended. This witness also says that afterwards up to about 1871 Willets several times "expressed satisfaction of his being allowed to live there." What called forth such repeated expressions, or to whom they were made is not disclosed. Though a truthful man, it must be remembered that Mr. Cock is at the age of 68 testifying to what he could have heard only casually from 34 to 38 years ago. I think the jury would have found for the defendant.

I direct a verdict for defendant.

