(60 App. Div. 193.)

## FARLEY v. HOWARD.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. EASEMENTS—AFTER-ACQUIRED TITLE.

　　Where the owner of a lot erects a building thereon with the stoop extending by mistake on an adjoining lot, of which he was an owner in common, and he then sells the house and lot, and afterwards acquires title in severalty in the adjoining lot, such acquisition does not create an easement entitling the owner of the first lot to maintain the stoop on the second.

2. SAME—COVENANTS AGAINST INCUMBRANCES.

　　The after-acquired title did not create an implied easement in the owner of the first lot to maintain a stoop on the second lot, which would

constitute a breach of covenant against incumbrances made by the original owner in a subsequent conveyance of the second lot.

**8. SAME—EFFECT OF CONVEYANCE.**

Where a husband owning a lot adjoining a lot owned by his wife, on which there is a house which encroaches on the husband's lot, joins in a conveyance by his wife of her lot, but not in the covenants contained therein, it does not have the effect of creating an easement authorizing a portion of the building to continue on the lot exclusively owned by the husband.

Ingraham and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Action by John T. Farley against Frederick S. Howard to recover damages for a breach of covenants against incumbrances. From a judgment dismissing the complaint (68 N. Y. Supp. 159), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Amasa A. Redfield, for appellant.
Chas. M. Cannon, for respondent.

RUMSEY, J. The action was brought to recover damages which the plaintiff alleges he sustained because of a breach of a covenant of warranty made by Howard. The facts are undisputed. Before the 1st of March, 1887, Howard and Dumond were the owners in fee as tenants in common of lots Nos. 32 and 34 on West Seventy-Second street. On the 1st of March, 1887, Dumond conveyed his undivided one-half in lot 32 to Howard, still continuing to be a tenant in common in lot 34. After that conveyance, Howard built a house upon 32. The wall between 32 and 34 was a party wall. By mistake the porch of the house on 32 extended the full width of the party wall, instead of one-half the width, thus taking it 6 inches over the line of lot 34. Howard then conveyed 32 to his wife. The situation of affairs then was that Mrs. Howard owned lot 32, with a house on it, the wall between 32 and 34 being a party wall, and the porch of her house extending the full width of the party wall, instead of one-half; but there was nothing in her deed that gave her the right to encroach in this way, the description of her lot calling for only 25 feet, which would bring her line to the middle of the party wall. Dumond, after the house was built, conveyed his undivided one-half in 34 to Howard. After that Mrs. Howard conveyed lot 32 to Boskowitz by the same description by which she received it. Howard joined in the deed, but not in any of its covenants, which were made by Mrs. Howard alone. After he became the owner of 32, Howard and his wife conveyed 34 to the plaintiff. The plaintiff began to build a house upon it, but, discovering that Boskowitz's porch extended six inches over on his land, he cut it off, whereupon Boskowitz brought an action against him for the trespass. That action never came to trial, but was settled; Farley, the plaintiff here, paying Boskowitz a sum of money to settle the action, and Boskowitz consenting that the complaint should be dismissed upon the merits. Farley then brought this action to recover from Howard the money which he had paid to settle that ac-

tion and procure a dismissal of the complaint against him, and the expenses he was put to because of the claim of Boskowitz.

The first question is, of course, whether Boskowitz's claim was well founded, because, if it was unfounded, the fact that the plaintiff saw fit to pay to get rid of it does not charge Howard with any liability upon his covenant of warranty. There can be no claim that Boskowitz or his grantor ever acquired any right to encroach upon lot 34 by deed. The only way in which it was acquired, if at all, was because of the fact that at some time when there was a unity of ownership between lots 32 and 34 the house upon 32 was so built as to encroach upon 34, and then it may be that the rule applies that, when the owner of two tenements has created an open, notorious, and visible easement in favor of one against the other, and he sells the dominant tenement, and retains the servient, the purchaser of the dominant is entitled to insist upon that easement. That rule is practically settled (Lampman v. Milks, 21 N. Y. 505), but I do not think that it applies here, because there was no time when the facts which make it apply exist. The reason of the rule is that a person who has absolute right to do just as he pleases with both lots has seen fit to impose upon one of them a burden for the benefit of the other. If both are his, he can do as he likes with them; and if, for the sake of convenience, or of enhancing the value of one, he chooses to give to it an apparent and visible easement over the other, that is his business; and when he sells the dominant lot the purchaser has the right to assume that he buys everything that is apparent and visible, and therefore the easement. But that rule necessarily involves the proposition that the man creating the easement is the absolute owner of both lots, and has, therefore, the right to put upon either any incumbrance he likes. Quite clearly the rule fails in this case. Howard was the absolute owner of 32 only. As to 34 he owned but a one-half interest. While he could do what he pleased with his undivided one-half interest in that lot, he could not impose upon Dumond's one-half interest any burden whatever. Clearly, if they had been joint tenants, there could be no question of that, because then each one would own the whole of the lot, and would have the right of survivorship if the other died. I cannot see that the fact that they were tenants in common makes any difference. A tenant in common had no right to permit a waste upon the land, or do anything which would deprive his co-tenant of the full value of his interest; so, when Howard put this encroachment upon lot 34 for the benefit of 32, he stood, with reference to 34, as he would if it had been owned absolutely by some one else. It then was a mere encroachment, and he could not maintain it, but it would not be a breach of his covenant of warranty. The evidence shows that putting the porch over the line was a mere mistake, and that it was done without any intention whatever of creating an easement; and therefore it is a very serious question whether the effect of it would have been to create an easement in favor of the lot on which the porch was built even if Howard had been the owner of both pieces of land at the time the building was put up. But that question it is not

necessary to consider. It is said, however, that the fact that How-ard joined in the deed from his wife to Boskowitz of lot No. 32 had the effect to establish this easement in favor of that lot upon lot No. 34, which Howard owned at the time his wife made the con-veyance. When Howard joined with his wife in that conveyance, he had no interest whatever in the lot. He granted nothing, nor did he join in any of the covenants of that deed. The utmost effect that the deed could have, if any, so far as he was concerned, was to release any possible interest that it might be said he had in the lot owned by his wife. It certainly had no greater effect than that, and I am utterly unable to conceive how such a deed, having such an effect, could be deemed to transfer any interest in another piece of land which he alone owned, and which was not referred to in the grant. There is no claim that Mrs. Howard ever had any right to maintain this encroachment. Boskowitz obtained only such rights as Mrs. Howard had, and nothing else. When, therefore, Farley took possession of that portion of his own lot which Boskowitz en-croached on, he did not violate any rights which Boskowitz had, or deprive him of any easement to which he was entitled. As, there-fore, Boskowitz had no right to maintain this encroachment, none of the covenants in Howard's deed to the plaintiff of lot No. 34 were broken, and Howard incurred no liability towards the plain-tiff because of the existence of the porch, and was not liable for any expense the plaintiff was put to in defending his act in remov-ing it. This conclusion requires, therefore, the affirmance of this judgment, without considering the effect of the judgment which was entered by agreement in the action brought by Boskowitz against Farley.

The judgment should be affirmed, with costs.

HATCH, J., concurs.

VAN BRUNT, P. J. I concur with Mr. Justice RUMSEY. I also think that the judgment is conclusive. It seems to me to be some-what remarkable that, when the plaintiff has a judgment against the party claiming the right to incumber denying such right, he can re-cover from his grantee damages because of the existence of such right, which has been judicially determined not to exist.

INGRAHAM, J. (dissenting). Prior to the year 1887 the defendant and one Dumond were the owners as tenants in common of two lots of land on the south side of Seventy-Second street, between Eighth and Ninth avenues, known, respectively, as lots Nos. 34 and 36. Lot No. 32, adjoining No. 34, was owned by the defendant, who erected a dwelling house. In building the house upon lot No. 32, the stoop ex-tended six inches to the west of the westerly line of that lot, so that there was an encroachment of six inches upon lot No. 34. On the 12th of November, 1887, while lot No. 34 was held by Howard and Dumond as tenants in common, Howard conveyed lot No. 32, with the building thereon, to his wife, Maretta W. Howard, and she thereby became the owner of lot No. 32, with the building thereon, a part of which was

the stoop which encroached upon lot No. 34. Subsequently, on the 14th of May, 1889, Dumond conveyed to Howard his undivided interest in lot No. 34 by metes and bounds, which included the strip of land upon which the stoop of lot No. 32 encroached, which conveyance contained the usual covenants against incumbrances, and further assurance, and a warranty. On the 23d of April, 1890, Maretta W. Howard conveyed to one Boskowitz lot No. 32, with the building thereon, the conveyance containing the usual covenants of quiet enjoyment, further assurances, and against incumbrances, and a warranty; the defendant joining in the deed as the husband of Maretta W. Howard, but not joining in the covenants. Subsequently, on the 31st of March, 1892, Howard and wife conveyed lot No. 34 to the plaintiff, the conveyance containing the same covenants by the defendant, Howard. Upon the plaintiff commencing to build upon lot No. 34, this encroachment was discovered, whereupon, after an ineffectual negotiation with the owner of the house and lot No. 32 for the right to remove the encroachment, he proceeded to remove it. Boskowitz, the owner of lot No. 32, thereupon commenced an action against Farley, the grantee of lot No. 34, claiming that he had an easement of support for his stoop for which lot No. 34 was subject, and asking for an injunction restraining Farley from removing the encroachment. An injunction was granted ex parte, which, upon motion, was vacated upon Farley's giving a bond conditioned for the payment of any damages in case the action was eventually decided against him. Farley answered, denying the existence of the incumbrance, and, upon the case coming on for trial, a settlement was arrived at by which the plaintiff in that action, upon Farley's paying $150, and agreeing to alter the stoop of lot No. 32 so as to rebuild the same upon the proper line, consented that a judgment be entered dismissing the complaint, and adjudging that Farley, the plaintiff in this action, was the owner of the land described in his deed from the defendant, Howard. The plaintiff subsequently commenced this action to recover the amount which he was compelled to pay to the owner of lot No. 32, including the expenses of defending that action, claiming that there was a violation of the covenant against incumbrances. Upon the trial of this action the complaint was dismissed.

Upon this appeal the sole question is whether the covenant in the deed from the plaintiff to the defendant of lot No. 34 was violated, and this depends upon the existence of an easement to support this stoop which was an incumbrance upon the land conveyed to the plaintiff. It seems to us quite clear that no easement was created, to which the plaintiff's lot was subject, by the conveyance from the defendant, Howard, to his wife. Howard at that time was the owner in fee of lot No. 32. He was also the owner of an undivided moiety of lot No. 34 as tenant in common. If he had been the owner of the entire title of both lots in fee, then undoubtedly an easement would have been implied from his grant, under the principle established in Lampman v. Milks, 21 N. Y. 505. Howard's interest in lot No. 34 at the time he made his conveyance to his wife was that of a tenant in common, owning but an undivided half of it. It is well settled that a tenant in common cannot, even by express grant, create an ease-

ment in premises of which he owns no more than a right held in common with others. Nor can a tenant in common of property, who owns other property in severalty, so use the last as to acquire or exercise for the benefit of his premises, owned in severalty, an easement in the property held in common. He cannot, by grant, or by operation of an estoppel, or otherwise, confer upon another rights and privileges which he did not have himself. Crippen v. Morss, 49 N. Y. 68; Palmer v. Palmer, 150 N. Y. 139, 44 N. E. 966. On the 14th of May, 1889, however, Dumond, who was the tenant in common with Howard of lot No. 34, conveyed his undivided interest in that lot to Howard, so that Howard became the sole owner of the lot; and he then could, either by express or implied grant, charge lot No. 34 with an easement in favor of the owners of adjoining property. Being thus the sole owner of lot No. 34, he joined with his wife in a deed of lot No. 32, whereby the parties of the first part (Maretta W. Howard, wife of Frederick S. Howard, and the said Frederick S. Howard, her husband) conveyed lot No. 32, with the building thereon erected, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in any wise appertaining. By this conveyance undoubtedly the defendant, Howard, transferred to the purchaser all of his interest, whatever it was, in the premises in question, including any interest in the adjoining property necessary to support or maintain the buildings upon the property conveyed. The effect of that deed of Howard was not restricted to a mere transfer or release of his inchoate tenancy by the curtesy, but generally granted and conveyed all his right, title, and interest in and to the premises; and, as Howard was then the owner in severalty of lot No. 34, I think there was an implied easement of support to the stoop of lot 32 as it encroached upon lot 34. There was, therefore, an incumbrance existing upon lot 34 when Howard conveyed it to the plaintiff, and Howard's covenant against incumbrances in that deed was thus broken, and I can see no reason why the plaintiff is not entitled to recover the damages that he sustained in consequence of a breach of that covenant. The owner of lot No. 32 then commenced an action against the plaintiff to enforce this covenant, and the only remaining question is whether or not the judgment that was entered in that action is an adjudication that he was the owner of the property conveyed to him, free from incumbrances, and binding upon the plaintiff in this action. That judgment is not an adjudication binding upon the plaintiff. The defendant was not a party to the action, and, so far as appears, he had no notice of it, and took no part in its defense. It would not be binding as an adjudication in his favor, and it cannot be as against him. Nor does the judgment adjudge that this land was not, at the time of the conveyance by the plaintiff to the defendant, subject to an easement which was an incumbrance upon the land. The judgment is that the complaint be dismissed on the merits,—that is, that no equitable relief be granted,—and that the defendant is the owner in fee of the premises described in a deed from the defendant to the plaintiff. Boskowitz, the plaintiff in that action, so far as appears, never disputed the title of the defendant to lot No. 34. On the contrary, he alleged that the defendant was the owner of the fee of

that land, but that such fee was subject to an easement by which the westerly wall of the stoop on lot No. 32 was entitled to support upon six inches of lot No. 34. There is nothing inconsistent in this judgment with a finding that lot 34 was subject to this easement, or that at the time of the conveyance of lot 34 by the defendant to the plaintiff the covenant against incumbrances was not broken. The very judgment itself recites that it was entered in consequence of a settlement between the parties, by which the defendant agreed to restore the stoop upon the line of the plaintiff's lot, and to pay the sum of $125. Certainly, if the plaintiff here had obtained from the owner of lot 32 a release of the easement by the payment of this sum of $125, and the expense of restoring the stoop, it could not be said that, because such a conveyance or release had been obtained, and the title of the plaintiff to lot No. 34 had been made perfect by a discharge of the easement, there had not been a violation of the covenant in the defendant's deed to the plaintiff as to incumbrances upon lot No. 34; and yet this judgment does no more than to carry into effect the settlement that was recited in it, by virtue of which the plaintiff obtained an adjudication that he was the owner of that lot, and, as a consideration of obtaining that adjudication that he was the owner of the lot at the time the judgment was entered, had paid to the person claiming the incumbrance a sum of money. It seems to us, therefore, that the plaintiff was entitled to recover in this action the damages which he had sustained in consequence of this incumbrance, the existence of which was a breach of the covenants against incumbrances. As before stated, there is nothing in that judgment which could be construed as an adjudication that an incumbrance did not exist at the time of the conveyance from the defendant to the plaintiff; and it seems to me that the proof clearly shows that such an incumbrance did exist. It is not necessary now to determine the question as to the amount of the plaintiff's recovery. Whether or not he was entitled to recover the costs of defending the action brought to enforce that judgment can be reserved until the new trial, which is necessary. He was clearly entitled to recover the amount that he paid to obtain a release of the easement belonging to lot No. 32, which would include $125, and the cost of repairing the stoop and replacing it.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN, J., concurs.