(50 Misc. Rep. 432.)

· VAN HORN v. STUYVESANT.

(Supreme Court, Special Term, New York County. May, 1906.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE.

Defendant for over 25 years had been the owner of one of a row of houses so built that part of the stoop of each house encroached a few inches on the premises immediately westward and projected several inches beyond the building limit fixed by the city ordinance. The encroachments were merely ornamental. Defendant conveyed his house, known as No.

344 West Fifty-Eighth street. The stoop of No. 342 encroached upon No. 344, which encroached on No. 346. *Held* that, in so far as said encroachments were merely trespasses continuing for over 20 years, defendant's title to No. 344 was unaffected and marketable, and he could convey the same, including those parts which encroached on No. 346.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 245–247.]

2. SAME—ASSUMPTIONS.

Where the stoop of each of several houses in a block encroached a few inches on the adjoining line, and the encroachments were merely ornamental, and removable, an assumption that they existed by leave, and did not constitute adverse possession within Code Civ. Proc. §§ 368, 371, 372, 375, and were not defects in the title of the owner, or a cause of damage to a vendee of the property, was warranted.

3. SAME.

Where the stoop of defendant's building encroached a few inches on the building line established by a city ordinance, and the city had made no complaint as to such encroachment, which had existed for some 20 years, the remote possibility of hostile action by it did not affect the marketability of the owner's title.

Action by George Killisch Van Horn against Augustus Van Horne Stuyvesant to enforce a vendee's lien for money paid on a contract to convey land. Judgment for specific performance granted on defendant's counterclaim.

Kurzman & Frankenheimer (John Frankenheimer, of counsel), for plaintiff.

Lord, Day & Lord (L. H. Beers, of counsel), for defendant.

BLANCHARD, J. This is an action brought by the plaintiff, who is the vendee under a contract to convey realty, to enforce a vendee's lien for the sum of $1,000, paid by him on said contract, together with $158.50 paid for searching title. The contract provided that the defendant should convey to the plaintiff a "certain dwelling house, lot, piece and parcel of land," described by metes and bounds and "being known as No. 344 West Fifty-Eighth street, in the borough of Manhattan, city of New York." A survey has shown that these premises encroach upon the adjacent premises, No. 346, in the following respects: The railing and "nose" of the steps upon the stoop encroach about five inches into the area, and the capstone encroaches about one foot two inches. The newel post, which is in the street and beyond the title line, encroaches about one foot seven inches beyond the prolongation of the division line between No. 344 and No. 346; and the newel post and lower step project about four inches beyond the building limits fixed by section 182 of the corporation ordinances. Corresponding to the encroachments of No. 344 upon No. 346 are encroachments of similar degree of the stoop, capstone, and newel post of No. 342 upon No. 344. The defendant has owned No. 344 since 1881, and during this period the stoops, capstones, and newel posts of No. 344 and No. 342 have continued in their present positions without any objection by the owner of either premises or by the city authorities or by the owners of neighboring premises. The plaintiff contends that by reason of the facts above mentioned, the title to the premises sought to be conveyed is unmarketable. The only damage alleged to be caused by these encroachments is that the encroachments of No.

342, should they constitute adverse possession for the statutory period, will interfere with the rebuilding the house and bringing out the walls to the street line. The defendant answers that the title is marketable, and demands specific performance of the contract.

The scant discussion which the legal principles applicable to encroachments of this character have received in previous decisions, and the frequency with which the questions raised in the present case occur in the closing of titles to private dwelling houses in New York City, warrant a serious examination of the subject. The encroachments of No. 342 upon No. 344 and of No. 344 upon No. 346 are clearly trespasses, for which the owner of the premises encroached upon might bring action, unless barred by adverse possession for the statutory period. Stowers v. Gilbert, 156 N. Y. 600, 602, 51 N. E. 282; Crocker v. Manhattan Life Ins. Co., 61 App. Div. 226, 70 N. Y. Supp. 492; Farley v. Howard, 60 App. Div. 193, 70 N. Y. Supp. 51; Wilson v. Wightman, 36 App. Div. 41, 55 N. Y. Supp. 806; Nash v. Kemp, 49 How. Prac. 522, affirmed in 12 Hun, 592. It is familiar doctrine that a purchaser of realty is not required to take a title that he must defend by litigation. Vought v. Williams, 120 N. Y. 257, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634; McPherson v. Schade, 149 N. Y. 21, 43 N. E. 527; Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527; Empire Realty Corp. v. Sayre, 107 App. Div. 415, 418, 95 N. Y. Supp. 371.

In determining the probability of an attack upon the purchaser's title, however, the court will consider the slight character of the trespass and the ease with which it may be corrected, both of which are circumstances tending to show that an action for the trespasses in question could not be regarded as a real attack upon the purchaser's title to the premises which are the subject of the sale. The court will also consider the long-continued sufferance of the owner whose premises are encroached upon as a circumstance tending to show not only the improbability of an attack upon the purchaser's title, but also a willingness to permit the purchaser to correct the encroachment at the time and in the manner most convenient to him. This seems to be the principle upon which rest the cases holding titles to be marketable, notwithstanding such trespasses. Empire Realty Corp. v. Sayre, 107 App. Div. 415, 420, 95 N. Y. Supp. 527; Miller v. Downing, 54 N. Y. 631; Merges v. Ringler, 34 App. Div. 415, 54 N. Y. Supp. 280; affirmed in 158 N. Y. 701, 53 N. E. 1128; Sebald v. Mulholland, 6 Misc. Rep. 349, 355, 26 N. Y. Supp. 913; Miller v. Platt, 5 Duer, 272. The single circumstance of a continued trespass for 20 years is alone not sufficient to constitute holding by adverse possession. According to section 368 of the Code of Civil Procedure the premises must be "possessed adversely to the legal title," and a trespass unaccompanied by a claim of title in the trespasser to the premises trespassed upon is insufficient to deprive the rightful owner of title and right to possession. Flora v. Carbeau, 38 N. Y. 111, 115, 116; Humbert v. Trinity Church, 24 Wend. 587, 597, 602, 611; Culver v. Rhodes, 87 N. Y. 348, 353–355; Barnes v. Light, 116 N. Y. 34, 39, 40, 22 N. E. 441; Stevenson v. Fox, 40 App. Div. 354, 359, 57 N. Y. Supp. 1094; Kneller v. Lang, 137 N. Y. 589, 591, 33 N. E. 555; Heller v. Cohen, 154 N. Y. 299, 311, 48 N. E. 527; De St. Laurent v. Gescheidt, 18 App.

Div. 121, 45 N. Y. Supp. 730; Jackson v. Thomas, 16 Johns. 293, 301; Miller v. Platt, 5 Duer, 272, 277; Doherty v. Matsell, 119 N. Y. 664, 23 N. E. 994; Lewis v. N. Y. & Harlem R. R. Co., 162 N. Y. 202, 220–222, 56 N. E. 540; Miner v. Hilton, 15 App. Div. 55, 44 N. Y. Supp. 155; Cornelius v. Hall, 32 Misc. Rep. 663, 66 N. Y. Supp. 451. In so far as the encroachments of No. 342 upon No. 344 and of No. 344 upon No. 346 are merely trespasses, continuing for over 20 years, the title of the defendant to the premises No. 344 is unaffected, and is now marketable.

From the foregoing considerations it follows that the defendant can convey title to No. 344, including those parts which encroach upon No. 346. The plaintiff admits that the encroachments, considered as mere trespasses which have not ripened into adverse possession for the statutory period, cause no actual damage. Considering the encroachments of No. 342 upon No. 344 and of No. 344 upon No. 346 merely as trespasses, the chief objection of the plaintiff is that they render the purchaser liable to litigation. All these encroaching parts, however, are merely ornamental, unnecessary, and removable parts of the premises. Under the circumstances surrounding the trespasses which these encroaching parts constitute, the court is justified, upon the authorities above cited, in assuming that these trespasses will not be the subject of litigation, and that a peaceable removal of the encroaching parts will be permitted at the request of either party. The principles above mentioned apply also to the projection of the stoop and newel post of No. 344 beyond the building and into the street line. Webster v. Kings Co. Trust Co., 145 N. Y. 275, 281, 282, 39 N. E. 964; Empire Realty Corp. v. Sayre, 107 App. Div. 415, 417, 95 N. Y. Supp. 371; Klem v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107; Levy v. Hill, 70 App. Div. 95, 75 N. Y. Supp. 19, affirmed in 174 N. Y. 536, 66 N. E. 1112; Merges v. Ringler, 34 App. Div. 415, 421, 54 N. Y. Supp. 280, affirmed in 158 N. Y. 701, 53 N. E. 1128; Broadbelt v. Loew, 15 App. Div. 343, 44 N. Y. Supp. 159, affirmed in 162 N. Y. 642, 57 N. E. 1105.

In Empire Realty Corp. v. Sayre, supra, the court said:

"As to the city, it may be assumed, although there is no evidence upon the subject, that in contemplation of the erection of the building the then owner observed the preliminary requirements of filing with the proper city department, the department of buildings, the necessary plans, and that the building was erected with the consent of the city after it had approved of these plans. Any contrary assumption would be based upon the conclusion that the city officials had neglected to perform their duties by permitting an owner to erect a building without complying with the legal requirements, and such an assumption will not be indulged in in the absence of proof to sustain it. So far as the record shows, no complaint has been made by the municipality concerning the encroachment, and no steps have been taken looking toward its removal, although the building has now been standing for about five years. Under these circumstances is not the possibility of hostile action by the city so remote that it should not be regarded as affecting the marketability of the title? Would this not be a case where the principle de minimis non curat lex would apply?"

Since the plaintiff in the present case has raised objection to the defendant's title on the ground that it depends in part upon adverse possession by the defendant of small portions of the adjoining

premises, and that it is incumbered in part by adverse possession on the part of the owner of the adjoining premises, the burden of proving the title marketable is cast upon the defendant. Kneller v. Lang, 137 N. Y. 589, 591, 33 N. E. 555; Hartley v. James, 50 N. Y. 38; Simis v. McElroy, 160 N. Y. 156, 54 N. E. 674, 73 Am. St. Rep. 673; Snow v. Monk, 81 App. Div. 206, 80 N. Y. Supp. 719; Stevenson v. Fox, 40 App. Div. 354, 359, 57 N. Y. Supp. 1094; Spero v. Schultz, 14 App. Div. 428, 43 N. Y. Supp. 1016; Carolan v. Yoran, 104 App. Div. 489, 93 N. Y. Supp. 935; Miner v. Hilton, 15 App. Div. 55, 44 N. Y. Supp. 155; Wilhelm v. Federgreen, 2 App. Div. 483, 486, 38 N. Y. Supp. 8, affirmed in 157 N. Y. 713, 53 N. E. 1133.

In so far as the evidence fails to show whether the defendant or the owner of the adjoining premises was or was not under disabilities which would prevent the running of the statutory period, the defendant has failed to sustain this burden of proof. If, however, the encroachments do not constitute adverse possession, the burden of proving the title marketable has been successfully sustained by the defendant. Section 368 of the Code of Civil Procedure provides:

"In an action to recover real property, or the possession thereof, the person who establishes a legal title to the premises is presumed to have been possessed thereof, within the time required by law; and the occupation of the premises by another person is deemed to have been under and in subordination to the legal title, unless the premises have been held and possessed adversely to the legal title, for twenty years before the commencement of the action."

The term "adversely," as here used, is defined in section 371 of the Code of Civil Procedure, as follows:

"Where there has been an actual continued occupation of premises, under a claim of title, exclusive of any other right, but not founded upon a written instrument, or a judgment or decree, the premises so actually occupied, and no others, are deemed to have been held adversely."

According to section 372, land is deemed to have been possessed and occupied within the meaning of the sections above quoted "where it has been protected by a substantial inclosure," and "where it has been usually cultivated or improved." Section 375 enumerates the disabilities of the owner of the servient estate which will prevent the running of the statutory period against him.

It remains to be decided, therefore, whether the encroachments in the present case constitute such occupation as to be "adverse" possession within the definitions above mentioned. The intention to hold "adversely" or to hold under a claim inconsistent with the recognition of the title of the true owner is essential to adverse possession. Flora v. Carbeau, 38 N. Y. 111, 115, 116; Culver v. Rhodes, 87 N. Y. 348, 353–355; Heller v. Cohen, 154 N. Y. 299, 311, 48 N. E. 527; Humbert v. Trinity Church, 24 Wend. 587, 597, 602, 611; Kneller v. Lang, 137 N. Y. 589, 591, 33 N. E. 555; Barnes v. Light, 116 N. Y. 34, 39, 40, 22 N. E. 441; Stevenson v. Fox, 40 App. Div. 354, 359, 57 N. Y. Supp. 1094; De St. Laurent v. Gescheidt, 18 App. Div. 121, 45 N. Y. Supp. 730; Jackson v. Thomas, 16 Johns. 293, 301; Miller v. Platt, 5 Duer, 272, 277; Cornelius v. Hall, 32 Misc. Rep. 663, 66 N. Y. Supp. 451. This intention may be shown by express declarations or by acts which can only be interpreted as evidencing such intentions.

In Flora v. Carbeau, supra, Woodruff, J., writing, the court said:

"If it be conceded that 20 years' use of a way over lands situated as these were would, as matter of evidence, raise a sufficient presumption that the party claimed the right, that the use was adverse, and that the owner knew and acquiesced, still the moment it appeared that the use began in mere license or indulgence there was an end to all presumption. Thus Bronson, J., in Parker v. Foote [19 Wend. 313], says: 'To authorize the presumption of grant, the enjoyment of the easement must not only be uninterrupted for the period of 20 years, but it must be adverse, not by leave or favor, but under a claim or assertion of right; and it must be with the knowledge and acquiescence of the owner.' How do the terms 'by leave or favor' differ from 'by permission'? So Chief Justice Parsons, in Gayetty v. Bethune (14 Mass. 53 [7 Am. Dec. 188]), says it 'must be adverse, or of a nature to indicate, that it is claimed as a right, and not the effect of indulgence, or of any compact short of a grant.' And in White v. Spencer (14 N. Y. 249), Denio, C. J., says, of the possession and enjoyment of an easement, 'if it were by license, no length of enjoyment would prejudice the title of the proprietor.' And in Colvin v. Burnett [17 Wend. 569] Cowen, J., says, with singular aptness to the condition of wild lands, 'non constat, that the whole may not have been as lessee or by comity, until the owner shall reach the time when, for purposes which remained suspended on account of the mere convenience of his neighbor, he comes in for the enjoyment of his conceded rights.' "

The rule was further explained by Finch, J., writing the opinion of the court in Culver v. Rhodes, supra:

"The rule is just if the ouster or adverse possession is brought home to the knowledge of the owner, or is of such definite and hostile and public character that such knowledge may be fairly presumed, but it is unjust and unreasonable if enforced without such limitation. Trus., etc., Town of East Hampton v. Kirk, 84 N. Y. 220, 38 Am. Rep. 505. The authorities plainly recognize the reason and justice of such requirement, and with some differences and variations have as yet never drifted away from it. Originally an actual disseisin, a palpable turning out of the co-tenant, or hindering him from entry, seems to have been requisite. Reading's Case, 1 Salk. 392. The modern rule is content with less, but is well settled in Hawk v. Senseman, 6 Serg. & R. (Pa.) 21, that to effect an ouster of the co-tenant there must be 'an actual, continued, visible, notorious, distinct and hostile possession.' It must be such that knowledge of its existence is brought home to the co-tenant. Zeller's Lessee v. Eckert, 4 How. (U. S.) 295, 11 L. Ed. 979; Barr v. Gratz, 4 Wheat. 213, 4 L. Ed. 553; McClung v. Ross, 5 Wheat. (U. S.) 124, 5 L. Ed. 46; Challefoux v. Ducharme, 8 Wis. 287; Long v. Mast, 11 Penn. 189; Bennet v. Bullock, 35 Pa. 364; Hall v. Stevens, 9 Metc. (Mass.) 418. It must make the intention to hold adversely manifest, and palpably display such intention. Marcy v. Marcy, 6 Metc. (Mass.) 360; Prescott v. Nevers, 4 Mason, 330, Fed. Cas. No. 11,390; Hart v. Gregg, 10 Watts. (Pa.) 185, 36 Am. Dec. 166. This uniform current of decision is not broken or diverted by the cases in our state. Wherever the acts needful to create an ouster have been stated, they have been an actual and exclusive possession of the whole premises, claiming the whole (Florence v. Hopkins [46 N. Y. 182]); taking title from a hostile source, and refusing to let in the co-tenant (Clapp v. Bromagan [9 Cow. 530]; Clark v. Crego, 47 Barb. 617; Phelan v. Kelly, 25 Wend. 395); an exclusive possession, exclusive receipt of rents and profits, and exclusive claim of title (Grim v. Dyar, 3 Duer, 354); a public claim of the entire title, a notorious act, an open claim of exclusive right (Smith v. Burtis, 9 Johns. 174; Jackson v. Brink, 5 Cow. 483; Jackson v. Tibbits, 9 Cow. 241; Miller v. Platt, 5 Duer, 272); or where, upon demand of the co-tenant, his title is denied and possession is refused. Siglar v. Van Riper, 10 Wend. 419. It is impossible to mistake this uniform direction of the cases. If no explicit notice is given to the co-tenant of the denial of his right, the occupant must make his possession so visibly hostile and notorious, and so apparently exclusive and adverse, as to justify an inference of knowledge on the part of the tenant sought to be ousted, and of laches if he fails to discover and assert his rights. Crary v. Goodman, 22 N. Y. 175."

It has, however, been held repeatedly that the erection of a permanent, substantial structure for the continuous and necessary use of the encroaching party is evidence of "adverse possession." Pearsall v. Westcott, 45 App. Div. 34, 60 N. Y. Supp. 816; Stillwell v. Boyer, 36 App. Div. 424, 55 N. Y. Supp. 358; Lewis v. N. Y. & Harlem R. R., 162 N. Y. 202, 224, 56 N. E. 540; Barnes v. Light, 116 N. Y. 34, 39, 40, 22 N. E. 441; Cornelius v. Hall, 32 Misc. Rep. 663, 66 N. Y. Supp. 451. Even though the encroaching party had no actual intention of encroaching beyond the bounds of his premises, still if he occupies and improves a strip of the adjacent premises with such permanent and substantial structures, or necessary and substantial parts of structures as evidence an actual intention to use the strip in question to the exclusion of the true owner, in the belief that title to the strip is in himself, he must be  regarded as holding "adversely" to the true owner. Crary v. Goodman, 22 N. Y. 170, 174, 175; Eldridge v. Kenning, 35 N. Y. 190; 12 N. Y. Supp. 693; Roulston v. Stewart, 40 App. Div. 200, 57 N. Y. Supp. 1061. On the other hand, if the acts of occupation are consistent with recognition of the title of the true owner, the possession is not adverse. Flora v. Carbeau, 38 N. Y. 111, 115, 116; Culver v. Rhodes, 87 N. Y. 348; Miller v. Platt, 5 Duer, 272, 277; Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994; Miner v. Hilton, 15 App. Div. 55, 44 N. Y. Supp. 155; Lewis v. N. Y. & Harlem R. R. Co., 162 N. Y. 202, 220–222, 56 N. E. 540.

Acts of occupation permitted by the leave or favor of the true owner or indulged as matters of neighborly convenience are not hostile to the title of the true owner. Flora v. Carbeau, supra; Culver v. Rhodes, supra, and cases above cited. The premises in the present case are one of a row of brownstone-front houses, all of which were built presumably at the same time. The builder, though careful to observe the boundaries in the erection of the walls, was careless in the construction of the less important adornments of the houses, so that parts of the capstone, stoop, and newel post of each house encroached a few inches upon the premises immediately westward. The legal effect of the encroachments in the present case is determined solely by their physical character and extent. All of the encroaching parts are merely ornamental, unnecessary, and removable parts of the premises. For reasons already stated in discussing the encroachments of the premises No. 342 upon No. 344, considered in the aspect of trespasses, the court is justified in assuming that the removal of the encroaching parts may be made upon the request of either party, and that a continuance of the encroachments is by the leave and favor of the defendant and out of consideration for the convenience of the owner of No. 342. Since these encroachments do not constitute "adverse" possession, they are not a defect in the defendant's title, and upon the evidence in the record are not a cause of damage. In respect to these encroachments, therefore, the defendant's title is marketable.

Judgment for specific performance will be granted according to the prayer of the defendant's counterclaim stated in his answer.