THE VIBROPLEX COMPANY, INC., Plaintiff, *v.* JACOB MAY REALTY COMPANY, INC., Defendant.

Supreme Court, Kings County, December, 1922.

**Vendor and purchaser — real estate — encroachments — restrictions — unmarketable title.**

Plaintiff sues to recover a deposit made upon a contract for the purchase of real estate which it intended to use for manufacturing purposes and contends that the title is unmarketable by reason of encroachments and a clause in the deed of the property to defendant which provides " That there shall be no blast furnaces nor foundry of any kind whatsoever upon said premises and that no factory shall be erected within forty (40) feet of the line of said street." Defendant claims forfeiture of deposit. *Held*, that the encroachments are a proper and legal objection to the title and that the title is unmarketable by reason of the restrictions in defendant's deed of the property. Judgment directed for plaintiff.

ACTION to recover down payment on contract to purchase real estate.

*Theodore F. Von Dorn*, for plaintiff.

*W. Rossiter Redmond*, for defendant.

DIKE, J. This action has been instituted by the plaintiff to recover the sum of $2,500, being a deposit made by the plaintiff to bind the contract of purchase of certain property at the corner of DeKalb avenue and Throop avenue, in the borough of Brooklyn, city of New York. It is contended by the plaintiff that the title is unmarketable because of certain encroachments, shown by the survey, and especially because of certain restrictions found of record against the property that was to be conveyed; the defendant taking exactly the opposite position as regards these defects and claiming that the deposit has been forfeited because of the plaintiff's failure to consummate its agreement of purchase.

The plaintiff is engaged in the manufacturing business and desires the building for that use. In the deed of this property, dated August 27, 1881, wherein the defendant in this action was the grantee, there was this clause: " That there shall be no blast furnaces, nor foundry of any kind whatsoever upon said premises, and that no factory shall be erected within forty (40) feet of the line of said streets." It seems to me that this is the crux of the entire situation. I am aware of the rule *de minimis*, as it is set forth in *Ungrich* v. *Shaff*, 119 App. Div. 843; *Van Horn* v. *Stuyvesant*, 50 Misc. Rep. 432; *Broadbelt* v. *Loew*, 15 App. Div. 343; affd., 162 N. Y. 642; as well as the case where there were extreme

encroachments, as in the case of *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495. I am convinced that while every case may contain certain conditions requiring a peculiar care in the application of this rule, as a whole the court should guard against any elastic application of this rule *di minimis*. I feel that the encroachments in this case are a proper and legal objection to this title and especially do I feel that there is ample ground for the rejection of the title alone even on the ground of the restrictions contained in the deed to the defendant. In my judgment this would make the title unmarketable. *Korn* v. *Campbell*, 192 N. Y. 490; *Bull* v. *Burton*, 227 id. 101. The test is the peaceful enjoyment of the property and to use the property as he anticipated and as he announced, viz., for manufacturing purposes, would be to invite a law suit and at least place him in the hazardous position of being unable to make such use of the property as his business demanded, and be unable to dispose of it except at a sacrifice.

I direct judgment for the plaintiff. Submit proposed judgment.

Judgment accordingly.