### CHARLES L. SHAW, Plaintiff, v. ADA E. DAVIS, Defendant.

Supreme Court, Monroe County, September 11, 1928.

**Vendor and purchaser — marketable title — specific performance — title by adverse possession is marketable — decree of surrogate in reference to inheritance tax cannot be attacked collaterally.**

In an action to compel the specific performance of a contract for the sale of real property, the title of the vendor which exists not only under a deed containing a defective description, but also by reason of adverse possession, is free from reasonable doubt and is not unmarketable.

A decree of the surrogate with reference to inheritance tax is conclusive in this action, and cannot be attacked collaterally.

ACTION for specific performance.

*Percival W. Gillette,* for the plaintiff.

*Decker & Menzie,* for the defendant.

RODENBECK, J. The defendant not only claims title to the premises in question, under a deed, the description of which as to a part is defective, but she and her predecessors in title have been in the actual, undisturbed and hostile occupancy of the whole of the premises. The portion of the premises in dispute were actually occupied by a building, and the overhang from it, so that no question can exist as to the adverse possession of the property under a claim of title and through actual occupancy. (Civ. Prac. Act, §§ 35, 37, 38; *Cornelius* v. *Hall,* 32 Misc. 663; *Cutting* v. *Burns,* 57 App. Div. 185; *Doherty* v. *Matsell,* 119 N. Y. 646.)

The title, thus acquired, cannot fairly be questioned, being " reasonably free from any doubt which would interfere with its market value," and is, therefore, marketable. (*Heller* v. *Cohen,* 154 N. Y. 299, 306.)

The decree of the surrogate with reference to the inheritance tax is conclusive in this action upon the plaintiff. If direct proceedings should be taken hereafter to correct any error, the plaintiff will have his remedy at law against the defendant. The decree of the surrogate cannot be attacked collaterally in this proceeding. (34 C. J. 511, 555; *Weston* v. *Goodrich,* 86 Hun, 194.)

The complaint is dismissed and a decree of specific performance is granted to the defendant, without costs to either party.