LEVY v. HILL.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

1. EQUITY RELIEF—TITLE—TRIVIAL OBJECTION.
Where defendant agreed to sell plaintiff a house and lot, described by metes and bounds, an objection to the title, that the center of the party wall on each side of the lot was from 1 to 2½ inches off the boundary line, was frivolous.

2. SAME—USE OF STREET—TITLE.
Where defendant agreed to sell the plaintiff a house and lot, described by metes and bounds, the fact that the stoop on the front of the house projected 15 feet into the street, of which the plaintiff had knowledge prior to the contract of sale, gives the plaintiff no right to compel defendant to convey the property for less than the contract price, for failure of defendant's title to the lot, since the defendant never undertook to convey a title in, or right to use, any part of the street.

3. SAME—REMEDY AT LAW.
Plaintiff refused to accept a deed to a house and lot purchased of the defendant, but brought suit in equity to compel the defendant to reduce the purchase price because the center of the party wall on each side of the lot was from 1 to 2½ inches off the boundary line, and the stoop on the front of the house projected 15 feet into the street, and asked that the amount he had paid on the purchase be declared a lien on the premises. *Held*, that the action could not be maintained, since the proper remedy was an action at law to recover the amount he had paid, and damages for breach of contract.

4. SAME—SPECIFIC PERFORMANCE—ACTION BY VENDEE.
Where plaintiff brought a suit in equity to compel defendant to convey a house and lot to him for less than the agreed price because the condi-

tion of the premises was not as represented, the rule that where specific performance is sought, and for some reason cannot be decreed, equity will retain jurisdiction for the purpose of awarding damages for breach of contract, does not apply, since the plaintiff did not pray specific performance, but asked the court to make a new contract for the parties.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from special term, New York county.

Action by Mitchell A. C. Levy against George H. B. Hill. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John Frankenheimer, for appellant.
J. Langdon Ward, for respondent.

INGRAHAM, J. The action was brought for the specific performance of a contract for the sale of real property. By such contract the defendant agreed to sell to the plaintiff a house and lot on the north side of Thirty-Fourth street, New York City, 25 feet in width by 98 feet 9 inches in depth. The lot is described in the contract as:

"Beginning at a point on the northwardly side of Thirty-Fourth street, distant five hundred feet westwardly from the northwesterly corner of Fifth avenue and Thirty-Fourth street, and running thence northwardly, parallel with the Fifth avenue, ninety-eight feet and nine inches, to the center line of the block; thence westwardly along said center line, and parallel with Thirty-Fourth street, twenty-five feet; thence southwardly, and parallel with the Fifth avenue, ninety-eight feet and nine inches, to the northerly side of Thirty-Fourth street, and thence eastwardly along Thirty-Fourth street twenty-five feet, to the point or place of beginning; the easterly and westerly side walls of said house being party walls; said premises being known as 'Number 25 West 34th Street.'"

The defendant made a proper tender of a deed of the premises, which, it is conceded, would convey a good title to the property within the bounds described. The plaintiff made certain specific objections to the title. The first objection was that the center of the party wall on each side of the house was not exactly upon the boundary line between the lots, both walls being from 1 to $2\frac{1}{2}$ inches off the line, while the center to the party wall of the two-story brick extension upon the lot in suit is about 2 inches west of the dividing line. These objections to the title were so obviously frivolous that they do not require discussion. The building was to be conveyed with party walls upon each side of the house. The defendant had a good title to the land within the boundaries described. The party walls were on the boundary line between the lots on the east and the west, and the mere fact that the center of the party wall was 1 or 2 inches east or west of the true boundary line would make no possible difference as to the title to the land actually conveyed.

The most serious objection, however, which is relied on by the plaintiff, is that the front stoop of the building extends into the street 15 feet; and it is claimed that this is without the authority of the common council, and is thus illegal. I do not think it necessary to determine the question whether this front stoop, having been in the condition in which it is for upwards of 30 years, can be presumed to

have been constructed with the assent of the municipal authorities, as it seems to me that the mere fact that this front structure does extend in the street is not a defect of the title of which the plaintiff can complain. The defendant has made no agreement to convey a title in, or right to use, the street. What the defendant agrees to convey is the lot, piece, or parcel of ground, with the dwelling house and improvements thereon. He never undertook to convey any part of the street, or any structure upon the street. That the plaintiff would get by the conveyance the lot of land which the defendant agreed to convey, and the building and improvements upon that lot, is conceded. The plaintiff refused to accept a conveyance of the lot with the building and improvements thereon, because there is connected with the building upon the lot a stoop which the plaintiff claims encroaches upon the street. This stoop has been in its present condition for upwards of 40 years without objection on the part of the municipality, or any of the adjoining property owners. That any serious objection by any one could now be made to the continuance of this stoop, in the condition it is in, is such a remote contingency that it could hardly be considered a serious objection to the title; but by the contract the defendant has not agreed to convey to the plaintiff this right to continue to use the street, and the fact that the plaintiff did not prove facts from which the right to continue such use could be inferred does not seem to me a valid objection to the title to the lot of land described, with the buildings and improvements thereon.

Nor do we think that, on the facts alleged, this action can be sustained. The plaintiff, being the vendee, alleges the making of a contract, and his refusal to perform because of a defect in the defendant's title to the premises which the defendant had agreed to convey. The judgment that he asks is that a just deduction from the purchase money be made on account of defects in the title to said premises, and on account of the existence of said encroachments and incumbrances as aforesaid, and that, on payment of the residue of said purchase money according to the terms of the said agreement, the defendant specifically perform said agreement. He thus does not ask for a specific performance of the contract. In fact, the defendant was ready and willing to deliver a conveyance, and it was the plaintiff who refused to accept such a conveyance. What the plaintiff asked for was a conveyance of the property upon payment of a sum of money less than that he agreed to pay, asking as a deduction the amount he would have to pay to rebuild the stoop within the stoop line. It is clear that he was not entitled, under any condition, to this relief. He was not entitled to a conveyance of the property, except upon payment of the amount that he had promised to pay as a consideration therefor; and he had refused to accept the conveyance tendered by the defendant, or pay the amount of money which he had agreed to pay therefor. The complaint does not allege, nor does the proof show, that he made any demand upon the defendant for the return of the $1,500 which he had paid on the execution of the contract, or for the disbursements incurred by him in the examination of the title to the property; and the plaintiff is not entitled to any

lien upon the property described in the complaint for the repayment of such sum, which he has never demanded. The plaintiff had a right to a conveyance of the property upon the payment of the consideration agreed to be paid therefor, and, if the defendant had refused to execute and deliver such conveyance, the plaintiff would have been entitled to maintain an action for the specific performance of the contract. The alleged defect in the defendant's title was well known to the plaintiff at the time of the commencement of the action. His objection to the title was because of the condition of the property, and, upon his refusal to accept the property in the condition in which it was, his proper remedy was an action at law to recover the amount which he had paid, and the damages that the law allows for a breach of the contract by the defendant. The rule that in a case where specific performance of the contract itself is sought, where it appears upon the trial of the action that because of some act of the vendor, or for some other reason, a specific performance could not be decreed, the court would retain jurisdiction for the purpose of awarding damages for a breach of the contract, does not apply; for in this case the plaintiff asks for no decree of specific performance of the contract that defendant made, but asks the court to make an allowance to him for an alleged defect in the title, and to compel the defendant, upon payment of the amount, less such an allowance, to convey. Here no specific performance of the contract made by the parties was sought, but what the plaintiff asked for was for the court to make a new contract, by which the defendant was to convey the property for a less price than the plaintiff had agreed to pay. Nor do certain cases where a vendee has been required to perform a contract upon a certain amount being paid to him for incumbrances upon the property apply, as the situation presented in this case is entirely different. Here it is the vendor, the owner of a piece of property, who has agreed to convey it for a sum fixed, and the vendee asks the court to compel him to execute a conveyance for a sum less than that which it was agreed he should receive for his property. If the plaintiff was unwilling to accept such a conveyance, and pay what he agreed to pay for the property in the condition in which it was, he had his right of action to recover the damages sustained by a breach of the contract, but he certainly had no right to ask the defendant to convey to him the property for a less amount than he agreed to pay.

It follows that the judgment appealed from was right, and should be affirmed, with costs.

McLAUGHLIN and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. I concur in the result, but I do not concur in the statement that the defendant had any title whatever to the part of the stoop in the street. I think that he had no title to an important part of the structure purchased, and could convey no title thereto.

PATTERSON, J., concurs.