(70 App. Div. 95.)

### LEVY v. HILL.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

CONTRACTS—SALE OF LAND—PARTY WALL—PROJECTION OF BUILDING—DEFECT OF TITLE—RESCISSION—RECOVERY OF PRICE.

Where, under a contract for the sale of a city lot with improvements thereon, the purchaser ascertains, before the deed is delivered, that there is a party wall agreement, and that the stoop of the building on the lot projects several feet beyond the lot line into the street, such agreement and projection do not constitute defects in the title, nor entitle the purchaser to refuse a deed or to recover back the amount paid.

Van Brunt, P. J., dissenting.

Action by Mitchell A. C. Levy against George H. B. Hill. Defendant excepted to the granting of plaintiff's motion for judgment on a verdict in plaintiff's favor. Ordered to be heard in the first instance by the appellate division. Exception sustained.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN and LAUGHLIN, JJ.

J. Langdon Ward, for the motion.
John Frankenheimer, opposed.

HATCH, J. This is the second appearance of the matters in controversy between these parties in this court. The questions in difference arise out of a contract for the sale of real property situate on the northerly side of Thirty-Fourth street between Fifth and Sixth avenues, in the city of New York. After the making and execution of the contract, the defendant tendered, pursuant to its terms, a deed of the

premises, and demanded payment of the purchase price. The plaintiff refused to accept such deed, claiming that the title tendered was defective, in that said premises were incumbered by a certain party-wall agreement, and that the stoop of said house extended beyond the street or building line for a distance of 15 feet and 8 inches; that such projection was unlawful, and constituted the same an obstruction in the public street. At the time of the execution and delivery of the contract of sale the plaintiff paid as part of the purchase price the sum of $1,500. This action is brought to recover back such sum, together with the sum of $240 costs and expenses of searching the title.

The first action was brought by the plaintiff for the specific performance of the contract, and judgment was asked that a just deduction be made from the purchase money on account of the defects in the title and on account of the incumbrance and encroachments hereinabove mentioned, and, after making such deduction, and upon payment of the residue of the purchase money according to the terms of the agreement, that the defendant specifically perform the same. The court held that such action could not be maintained; that it was not in fact an action for specific performance of the contract in accordance with its terms, but was an equitable action, by which it was sought to have the depreciation in the value of the property fixed by reason of the claimed defects in the title, and, when such sum was arrived at, to deduct it from the purchase price, and compel a conveyance upon payment of the residue; that such action could not be maintained, as the court was powerless to grant any such relief; and upon that ground alone a judgment was affirmed, which dismissed the complaint. Levy v. Hill, 50 App. Div. 294, 63 N. Y. Supp. 1002. The court was unanimous in holding that the claimed defect in the title arising out of the party-wall agreement was frivolous, and was not a defect or incumbrance upon the title. A majority of the court further held that the plaintiff obtained by virtue of his contract all of the land, properties, and rights which he contracted to purchase, and that the projection of the stoop beyond the building line did not create a defect in the title. It is undoubtedly true that the ground upon which the complaint in that action was dismissed did not involve a determination of the specific questions which the plaintiff claimed constituted defects in the title. The discussion, however, assumed to settle all of the questions involved, and expressed the views of a majority of the judges participating in the decision. Upon a dismissal of the complaint in that action the plaintiff brought this action. It is clear that, if the views of the court in the former decision are to be regarded as controlling, it is conclusive upon the right of the plaintiff to recover in this action. Conceding that the views therein expressed were obiter, and not necessarily controlling, yet the law of the case seems to be settled in accordance with such views by authoritative decision. Broadbelt v. Loew, 15 App. Div. 343, 44 N. Y. Supp. 159, affirmed on opinion below, in 162 N. Y. 642, 57 N. E. 1105. Therein Mr. Justice Patterson, writing for the court, held that the projection of a stoop beyond the line of a city street is not necessarily unlawful, and that the question as to whether it is can only arise between the municipal authorities and the owner of the building, and that such encroachment does not

constitute a defect in the title. The stoop in the present case has occupied its present position for 30 years and upwards without objection on the part of the municipality, or of adjoining property owners, or any other persons. The contingency that its removal will ever be compelled by the municipality or any person having authority in the premises is so remote as not to be within reasonable contemplation. These decisions are authoritative of the questions presented, and result in the conclusion that plaintiff is not entitled to recover the sums sought to be recovered in this action.

It follows that the exceptions should be sustained, and the motion for a new trial granted, with costs to the defendant to abide the event. All concur, except VAN BRUNT, P. J., who dissents.