(39 Misc. Rep. 186.)

SCHORR v. GEWIRZ et al.

(Supreme Court, Special Term, New York County.  November, 1902.)

1. SPECIFIC PERFORMANCE—RECOVERY OF DAMAGES—FRAUD.
Where, in an action by the assignee of the vendee in an executory contract for the sale of land for specific performance, the wife of the vendor, who is not a party to the action or to the contract, refuses to convey, plaintiff is entitled to damages against the vendor, who was guilty of a fraud in regard to the title which would have rendered performance impossible if the wife had been willing.

2. SAME—MEASURE OF DAMAGES.
In an action for specific performance, the damages recoverable where performance cannot be enforced are the payment made by the vendee on signing the contract, with interest, the expenses in searching the title, and the difference between the contract price and the market value of the property, together with costs.

Action by Lawrence Schorr against Louis Gewirz and Louis Jacobs for specific performance of a contract for the sale of real estate.  Judgment for plaintiff.

H. B. Wesselman, for plaintiff.
Louis Levy, for defendants.

GILDERSLEEVE, J.  On October 28, 1901, defendant Gewirz entered into a written contract with one Solomon Antokolitz for the sale to the latter of certain real estate.  On the same day the said Antokolitz assigned his interest in the said contract to plaintiff. The plaintiff has performed, or stands ready to perform, all the conditions imposed upon his assignor by the contract, but defendant refused and refuses to carry out the said contract.  The defendant claims that he was induced to make the contract by the false representations of the plaintiff in stating that defendant's wife had

consented to the sale, whereas he subsequently discovered that she refused to sell at the price fixed by the said contract, and he alleges that he cannot carry out the contract because of the refusal of his wife to join in the deed. It is claimed by the plaintiff that defendant's real reason for seeking to avoid the contract is the fact that he has come to the conclusion that he could have obtained more money for the property, had he known that Schorr, instead of his assignor, Antokolitz, was the person who desired to buy it, because Schorr owned the adjacent property, and needed this real estate of the defendant Gewirz. A few days before the time fixed for the completion of the contract, the other defendant, Jacobs, filed a lis pendens against the property, and commenced a suit against the defendant Gewirz to enforce a supposed contract alleged to have been made in June, 1899, by which Jacobs was to have an interest in the property. Jacobs is the brother-in-law of Gewirz, and plaintiff claims that the lis pendens should be set aside for the reason that the suit between Jacobs and Gewirz is part of a fraudulent scheme to give Gewirz an excuse for backing out of the contract on the ground that he cannot deed the property free from all incumbrances, other than the mortgage mentioned in the contract, as he had stipulated to do in said contract. The alleged contract upon which Jacobs pretends to have founded his said action, in which the lis pendens is filed, was not produced in evidence, and no satisfactory reason is offered for Jacobs' long delay in bringing his action. I incline to the opinion that the said action of Jacobs against his brother-in-law, Gewirz, was not brought in good faith, but was an afterthought of Gewirz, to enable him to avoid his contract to sell the property. To sustain the claim of misrepresentations, the general rule is that it should appear that the representation was as to a material fact, and was, in point of fact, false; that it was of such a character that the other party had a right to rely upon it; that it was accompanied by knowledge of its falsity, or what the law regards as equivalent to actual knowledge, and by an intent to deceive; that it was relied upon by the other party, and that it did in fact deceive; and that the other party has thereby sustained damages. 14 Am. & Eng. Enc. Law (2d Ed.) 23. All the material allegations of the defense are denied by the plaintiff and his witnesses, and the proof does not sustain the defense of false representations claimed by defendant to have been made by Schorr.

The plaintiff has made out a cause of action by a fair preponderance of proof, and is entitled to judgment, but the question presents itself, to what form of relief is he entitled? As Mrs. Gewirz declares positively that she will not join in the deed, and as she is not within the jurisdiction of the court, not having been made a party to the action, specific performance of the contract seems to be impossible. However, in a case where specific performance of the contract itself is sought, and it appears on the trial of the action that because of some act of the vendor, or for some other reason, a specific performance cannot be decreed, the court can retain jurisdiction for the purpose of awarding damages for a breach of the contract. See Levy v. Hill, 50 App. Div. 297, 63 N. Y. Supp. 1002. The general rule in a case of an executory contract of sale of land is that, where there is a breach

by an innocent vendor, the vendee can recover only nominal damages, unless he has paid part of the purchase money, in which case he can recover such purchase money and interest. See Mack v. Patchin, 42 N. Y. 171, 1 Am. Rep. 506; Margraf v. Muir, 57 N. Y. 159. If, however, the vendor has been guilty of fraud, or if his acts evince knowledge of the existence of a defect or want of authority to convey, or show misconduct, fraud, or bad faith in entering into the contract, or in seeking to avoid it for the purpose of obtaining a larger price or an undue advantage, the court will also allow to an innocent vendee, as a measure of damages, the difference between the contract price and the value of the land, thus placing him in the position where he would have been had the contract been performed. Margraf v. Muir, supra; Pumpelly v. Phelps, 40 N. Y. 66, 100 Am. Dec. 463; Mack v. Patchin, supra; Cockcroft v. Railroad Co., 69 N. Y. 203, 204. The plaintiff's items of damage, as alleged in the complaint, are as follows: $500 paid on the making of the contract, $260 paid to attorneys for searching the title, and $2,500 as the difference between the $30,000 called for by the contract, and the actual market value of the real estate. On the trial he substantiated all of these claims, and proved that on the 25th of November, 1901, the day upon which the contract was to be completed, the market value of the property was $33,000, and that this sum is its value to-day. The complaint, however, demands $2,500, and not $3,000, as the difference between the agreed price and the market value. I am of opinion that the preponderance of proof establishes the claim that defendant Gewirz has shown bad faith in seeking to avoid the contract for the purpose of obtaining a larger price or an undue advantage, and that plaintiff is entitled to $500, with interest thereon from the time of the payment thereof by plaintiff at the time of the making of the contract, together with $260, the sum paid by plaintiff for the fees of his attorney for searching the title of the property, and $2,500, the sum demanded in the complaint as the difference between the contract price and the market value of the property, besides the costs of this action. Settle decision and decree on notice.

Judgment accordingly.