(61 Misc. Rep. 584.)

## MOFFETT v. JAFFE.

(Supreme Court, Special Term, Kings County. December 11, 1908.)

REFORMATION OF INSTRUMENTS (§ 47*)—CONTRACT—DEFICIENCY IN QUANTITY —RIGHTS OF PURCHASER.

Where an executory land contract was made under a mutual belief that the tracts contained the number of acres stated, the vendee, on discovering a deficiency, could have the contract reformed, and obtain an abatement in the price proportional to the deficiency in quantity, and have specific performance of the contract as reformed.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 197; Dec. Dig. § 47.*]

Action by James Moffett against Rose Jaffe. Demurrer to complaint overruled, with leave to defendant to answer on payment of costs.

Robert E. Moffett (Thomas F. Magner, of counsel), for plaintiff. Morris Meyers, for defendant.

CARR, J. The plaintiff is the vendee and the defendant the vendor under a written contract for the sale of farm lands in Suffolk county. The contract fixes a price of $4,500, and describes the lands as consisting of two parcels; one containing "12 acres, be the same more or less," and the other "containing about 16 acres." The plaintiff alleges that he bought and the defendant sold under a mutual belief that the two parcels contained together 28 acres. He alleges that as a mattter of fact the parcels together contain but a small fraction over 24 acres, and he asks that the contract be reformed so as to reduce the purchase price to the sum of $4,025, by making an abatement proportionate to the deficiency in quantity, and that the defendant be compelled to convey for the reduced price.

The complaint is open to the criticism that a very considerable part of its pleaded matter is simply evidentiary. The defendant demurs on the ground that the complaint fails to state facts sufficient to constitute a cause of action. Briefly stated, her contention is that, inasmuch as there was no mistake between the parties as to the price, the contract cannot be reformed by substituting a new price, and that the

plaintiff's remedy, if any he has, is at law to recover back the deposit under the contract under a recission thereof. She urges, further, that the use of the words "more or less and "about" in the contract, with reference to the quantity of the lands, placed upon the purchaser the risk of any actual deficiency in the quantity. If the contract had been executed by conveyance, it is well settled that the vendee could maintain an action to procure an abatement in the price to correspond with the actual quantity of the land sold, as subsequently discovered, provided both parties proceeded upon the assumption that the land contained the number of acres specified in the deed, and the defect is substantial, notwithstanding the use of the words "more or less." Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371; Gallup v. Bernd, 132 N. Y. 370, 30 N. E. 743. The rule is not different as to an executory contract; for although, on discovering the deficiency, the vendee may rescind, he may also stand upon his contract and seek its performance against the vendor with a proportionate abatement in price. 2 Beach, Modern Equity, § 627; Bostwick v. Beach, 103 N. Y. 414, 9 N. E. 41; 1 Sugden on Vendors, 526.

The defendant cites to the contrary Curtis v. Albee, 167 N. Y. 360, 60 N. E. 660, and Levy v. Hill, 50 App. Div. 294, 63 N. Y. Supp. 1002. Curtis v. Albee does not relate to a contract for the sale of lands, and states a general proposition, without reference to the peculiar rules relating to such transactions. Levy v. Hill does relate to contract for the sale of real property; but the facts under consideration were not similar, and the decision must be confined to its own facts. The granting of the relief sought by the plaintiff is a matter exclusively for the discretion of the court on a trial of the issues. A complaint which states facts sufficient to set such discretion in motion sets forth facts sufficient to constitute a cause of action in equity.

The demurrer is overruled, with leave to the defendant to answer on payment of costs.

