## HEYMAN v. STEICH.

(Supreme Court, Special Term, Kings County.  December, 1908.)

1. MUNICIPAL CORPORATIONS (§ 662*)—BUILDING COMMISSIONER—AUTHORITY —STATUTES.

Laws 1894, p. 1008, c. 481, amended the Brooklyn city charter, and provided (section 33) that the Brooklyn building commissioner might modify the provisions of the act on an application in writing by the owner of any building or structure, where there were particular difficulties in carrying out the strict letter of the law, so that the spirit should be observed, the public safety secured, and substantial justice done. *Held*, that such provision did not confer on the commissioner any authority over the public highways, nor to permit violation of an ordinance providing that no person should construct any bay extending into a street more than a foot from the wall.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1433; Dec. Dig. § 662.*]

2. VENDOR AND PURCHASER (§ 135*)—CONTRACT—ENCROACHMENTS.

Where a contract for the sale of land, including a city building, provided that any encroachments by the bay window on the street of less than 12 inches should be accepted by the vendee, the latter was not required to perform, but was entitled to a return of his deposit and costs, because the bay extended into the street 2 feet, in violation of a city ordinance, though it was improbable that any action by the municipal authorities would be taken.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 135.*]

Action by Samuel Heyman against John Steich.  Judgment for plaintiff.

Jacob Brenner, for plaintiff.

Whitmore H. Smith (James Troy, of counsel), for defendant.

CARR, J.  The plaintiff sues to recover back a deposit of $500 paid to the defendant under a written contract for the sale of real property in the borough of Brooklyn.  The facts involved are undisputed, and the sole question arising is one of law.  The controversy arises because of the fact that the building on the land described in the written contract had a large bay window which projected beyond the house line two feet.

The defendant claims that this projection of the bay window constitutes no defect in the title of the vendor, and asks, therefore, that the plaintiff be compelled to specifically perform the contract by accepting the deed to the property in question.  To sustain his contention he cites a number of cases which have arisen in the city of New York at various times in recent years, the first of which is Broadbelt v. Loew, 15 App. Div. 343, 44 N. Y. Supp. 159, 162 N. Y. 642, 57 N. E. 1105. In that case it was held that where a bay window projected 7½ inches more or less, beyond the building line, and at the same time the duly enacted ordinances of the city of New York permitted the construction of bay windows not extending beyond the house line more than 1 foot, the alleged defect arising from the projection of the bay window was unsubstantial.  It is quite evident, from a reading of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

opinion in that case, the court proceeded in its decision upon the theory that the common council of the city of New York had the right to enact ordinances of the nature described, and that the projecting bay window was within the permissive scope of such ordinances. The later case of Levy v. Hill, 70 App. Div. 95, 75 N. Y. Supp. 19, is based expressly upon the former decision in Broadbelt v. Loew, and it in turn was affirmed by the Court of Appeals in 174 N. Y. 536, 66 N. E. 1112.

In the case at bar the defendant contends the encroachment of the bay window in question was authorized by the authority of the city of New York at the time of the erection of the building. It appears in evidence that plans were filed with the building department of the city of New York, showing that the bay window projected, and that said plans were approved and permission given to build. It is claimed by the defendant that the commissioner of buildings of the borough of Brooklyn, city of New York, had authority for the municipality to permit the encroachment in question, and that therefore it constitutes no unlawful encroachment upon the highway. This authority is said to come from chapter 481, p. 1008, Laws 1894. Chapter 481 of the Laws of 1894 amended the charter of the city of Brooklyn, in relation to the building department of said city and the construction and alteration of buildings therein. After the consolidation of the city of Brooklyn into the city of New York, all powers cast upon the building commissioner of the city of Brooklyn by the act in question were continued by provision of the Greater New York charter, as were likewise all ordinances in force in the city of Brooklyn, at time of consolidation. These ordinances provide that:

"No person shall construct any bay window or other window which shall extend into any street more than one foot from the wall of any house or other building."

I can find nothing in the act of 1894 which gave the commissioner of buildings of the city of Brooklyn any power to sanction a violation or avoidance of the ordinances relating to the highways. It is true that the act in question provides that such commissioner—

"shall also have the power to vary or modify the provisions of this title, upon application to him therefor, in writing, by the owner of such building or structure, or his representative, where there are particular difficulties in carrying out the strict letter of this law, so that the spirit of the law shall be observed, the public safety secured, and substantial justice done." Section 33.

This provision relates, however, only to the various other provisions specified in the act, and in no way confers upon the commissioner any authority over the public highways or the use of any part thereof. I am of opinion, therefore, that the encroachment in question cannot be considered to be authorized by lawful authority, as was the case in the decisions before cited.

There are some cases, however, which hold that, even where the encroachment is without authority, inasmuch as the question involved can arise only between the owner and the municipality, the court will not deem the defect substantial, where it is improbable that the municipality will take any action to remove the alleged encroachment. Em-

pire Realty Co. v. Sayre, 107 App. Div. 415, 95 N. Y. Supp. 371. It seems to me, however, that the parties to this contract had this question before them when they entered into the contract, and agreed among themselves what should be the relative duties of the parties thereto in regard to the encroachment in question. The contract provides in part as follows:

"It is also understood that any encroachment by the bay window on the street of less than 12 inches shall be accepted by the party of the second part."

In ascertaining the mutual intention of the parties to a written agreement, resort will be had to the principle of construction, "Expressio unius est exclusio alterius." It seems to me, even from the contract itself, there was some doubt at the time of its making as to the extent of the encroachment of the bay window in question. That there was some encroachment it was found; its extent only being open to verification. It was distinctly provided that the vendee should be compelled to accept the deed, if the extent of the encroachment was less than 12 inches. If this means anything, it must mean that such obligation was not to exist if the encroachment was more than 12 inches, or 2 feet, as in this case. The reason for this seems quite plain to me. Both by the ordinances of the city of Brooklyn which were then in force, and by the general ordinances of the old city of New York, encroachments of bay windows from the buildings to the extent of 1 foot were permissible. The parties evidently had in mind the protection of the vendee against a situation in which there might be an encroachment beyond the provision of the ordinances, and thus expose him to the possibility of subsequent action on the part of the city authorities, whenever they saw fit to enforce the ordinances in question. The parties having so agreed between themselves, it is not for this court to say that, because it thinks it very improbable that the city authorities will ever act to compel the removal of the encroachment, the plaintiff should be compelled to waive the protective provisions of his contract.

Judgment is directed for the plaintiff for the recovery of the deposit and the expenses of searching the title to the amount agreed upon.