(33 Misc. Rep. 57.)

### FARLEY v. HOWARD.

(Supreme Court, Trial Term, New York County. November, 1900.)

1. EASEMENTS—AFTER-ACQUIRED TITLE.

　　Where the owner of a lot erects a building thereon with a stoop extending on an adjoining lot, of which he is an owner in common, and .he then sells the house and lot, and afterwards acquires title in severalty to the adjoining lot, such acquisition does not create an easement for the owner of the first lot to maintain a stoop on the second.

2. COVENANT AGAINST INCUMBRANCES—EASEMENTS.

　　The after-acquired title did not create an implied easement in the owner of the first lot to maintain the stoop on the second lot, which· would constitute a breach of covenant against incumbrances made by the original owner in the subsequent conveyance of the second lot.

Action by John T. Farley against Frederick S. Howard to recover· damages for breach of a covenant against incumbrances. Complaint dismissed.

Redfield, Redfield & Lydon, for plaintiff.
Cannon & Cannon, for defendant.

TRUAX, J. This action is brought to recover damages for an· alleged breach of a covenant against incumbrances contained in a deed made by the defendant to the plaintiff on March 31, 1892, of· a certain lot in New York City known by the street number 34 West Seventy-Second street, on the ground that at the time of such. conveyance such property was subject to a certain easement or servitude alleged to have been theretofore acquired by one Boskowitz, the owner of the premises No. 32 West Seventy-Second street, adjoining the premises No. 34 on the east thereof. On the 11th of

November, 1886, this defendant and one Cornelius J. Dumond owned, as tenants in common, two adjoining lots, Nos. 32 and 34 West Seventy-Second street, in the city of New York, each being the owner of an undivided half thereof. On the 1st of March, 1887, by a deed dated that day, the said Cornelius J. Dumond and his wife conveyed to this defendant, Frederick S. Howard, his (Dumond's) half of said lot No. 32, so that at said time the defendant, Howard, was seised of the whole lot No. 32, but as to lot No. 34 he was in his original position, namely, the owner of an undivided one-half thereof. While the ownership of the two lots was as above stated, the defendant, Howard, erected a house on lot No. 32, the stoop of which projected some six inches over onto the land of lot No. 34. On November 12, 1887, by deed dated that day, the defendant, Frederick S. Howard, conveyed to his wife, Maretta W. Howard, the house and lot No. 32. On the 14th of May, 1889, by deed dated that day, Dumond conveyed his interest in lot No. 34 to the defendant herein. On April 23, 1890, by deed dated that day, Maretta W. Howard conveyed to one Ignatz Boskowitz lot No. 32. The defendant joined in such deed, but did not join in any of the covenants therein contained. On March 31, 1892, by deed dated that day, this defendant conveyed to the plaintiff the lot No. 34. Defendant's wife, Maretta W. Howard, joined in said deed for the purpose of releasing her inchoate right of dower, but did not unite in any of the covenants in said deed. After the purchase of the lot by the plaintiff he commenced building thereon, and, while building, started to remove that portion of the stoop of house and lot No. 32 which was on lot No. 34, whereupon the owner of No. 32, Mr. Boskowitz, commenced an action against the plaintiff herein, and obtained a temporary injunction restraining him from cutting away such stoop. This injunction was afterwards vacated, and a judgment was entered in the action on consent dismissing the complaint on the merits, and further adjudging that the defendant in that action (the plaintiff in this action) was the owner of the fee of the premises No. 34. The damages asked for in this action are for the expense of cutting away said stoop encroaching on No. 34, and for certain legal expenses incurred in the said action of Boskowitz against Farley. In order to maintain this action, plaintiff must show that the said Boskowitz, as the owner of house and lot No. 32, had a valid easement for the support of his stoop on a part of lot No. 34 at the time the plaintiff became the owner of No. 34. Undoubtedly, if the defendant, at the time of the conveyance by him of No. 32, had been the sole owner of No. 34, the purchaser of No. 32 would acquire, by reason of the circumstances, the right to maintain the stoop of No. 32 in the condition it was in at the time of such conveyance. Wilson v. Wightman, 36 App. Div. 41, 55 N. Y. Supp. 806. This right, Mr. Justice Ingraham, in the case last cited, calls an "implied easement," which rests upon the principle that when the owner of lots sells a part thereof he grants by implication to the grantee all those apparent and visible easements which are necessary for the reasonable use of the property granted, and which at the time of the grant are used by the owner of the entirety for the benefit of the part granted. But the plaintiff claims that, because the defendant

became the sole owner of lot No. 34, he is estopped from disputing the right of Boskowitz to maintain the stoop of No. 32 in the condition it was in at the time he (defendant) parted with the title of lot No. 32. It is true that it has been frequently held that, if one without any title makes a deed of land with covenant of warranty, and afterwards acquires title to the whole, it will inure to the benefit of the covenantee by the weight of estoppel; but I can find no case, nor have I been referred to any case, in which the rule above stated has been held to apply to a case like the present case. House v. McCormick, 57 N. Y. 310, is relied upon by plaintiff to sustain the doctrine contended for by him. In that case the covenant applied to the whole of the estate conveyed, and not to an implied easement; and to the same effect is Tefft v. Munson, Id. 97. House v. McCormick, supra, was distinguished and limited in Sherman v. Kane, 86 N. Y. 57, in which case it was held that a grantor with warranty may, subsequent to the delivery of his grant, originate an adverse possession, and is not estopped from asserting the same by the covenant of warranty. In the case last cited it was further held that the rule laid down in Wilklow v. Lane, 37 Barb. 244, that the deed covered any title or interest which might be subsequently acquired, was not sustained by the authorities. I am of the opinion that the owner of No. 32 did not have the right to maintain his stoop on plaintiff's premises, and, if he did not have such right, of course none of the covenants in the deed to plaintiff were broken. It is also to be noticed that the action of Boskowitz against the plaintiff was decided adversely to Boskowitz upon this point. Certainly, it cannot be held that the covenant of quiet enjoyment contained in the deed made by the defendant to the plaintiff was broken because an unfounded claim was made in hostility to the possession of the grantee. Plaintiff also contends that, because the defendant was a tenant in common with another person in lot No. 34, he had the legal right, without the consent of his co-tenant, to give an easement on the lot. This contention is unfounded. The defendant could not, even by deed, incumber his co-tenant's interest in the property. The complaint is dismissed, with costs, and an extra allowance of $50.

Complaint dismissed, with costs.