WILHELMINE OBROCK and Another, Plaintiffs, *v.* CROLLY COMPANY, INC., Defendant.

Second Department, June 2, 1924.

Vendor and purchaser — action by vendor to compel specific performance of land contract — objection that title was not marketable because restriction against building more than one house was imposed by deed of original grantor — original grantor is estopped by conveying remainder of land free of restrictions — agreement between intermediate grantees of land subject to restriction to annul and terminate same freed property therefrom — title is marketable.

A restriction imposed by a deed against the construction of more than one house upon the land conveyed cannot be enforced by the original grantor nor by his grantees of other property adjoining, where such property was conveyed free from the restriction and the conveyances thereof were accepted.

An agreement entered into by intermediate grantees of the land in question and adjoining land who received their property subject to the restriction, to annul and terminate the restriction, they being the only ones interested therein, operates to free the property of the restriction imposed by the original grantor, and, therefore, a land contract for the sale of a part of the land which was originally restricted is not subject to the objection that the title to the property is unmarketable because of the restiction which was not specified in the land contract, and the vendor is entitle⁊ to have the same specifically enforced.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Arthur Gunther,* for the plaintiffs.

*Harold L. Godwin,* for the defendant.

RICH, J.:

The object of this submission is to procure a determination as to whether or not plaintiff is entitled to judgment directing the specific performance by the defendant of a certain contract of sale of premises in the town of Mount Pleasant, county of Westchester, situated on the north side of Ossining road, 150 feet west of Mountain road, of the dimensions 200 feet by 175 feet. The defendant desired to subdivide the premises into three or four lots, and to erect upon each a private residence and garage, or sell the lots to prospective home builders. It claims, however, that the plaintiffs' title is unmarketable on the ground that it is restricted against the erection of more than one dwelling and one barn or garage, in that a conveyance from George Crawford and wife to Annie L. Keller, dated August 13, 1899, contains the following clause: " And the said party of the second part for herself, her heirs and assigns doth hereby covenant with the said George Crawford, his heirs, executors or administrators that not more

than one dwelling house shall be erected on said premises and shall cost not less than ($2000.00) and must set back at least (20) feet from the road-side next to the property not more than one barn shall be erected on said premises and must be in the rear of the house and at least (30) feet from any dwelling house or any adjoining plot as shown on said map nor shall any part of said premises be used for the sale of or manufacture of any malt, or intoxicating liquors nor any manufacturing, trade or business purposes." No other defects or objections to the title are raised.

It is the contention of the plaintiffs that the conveyance to Crawford by the special guardian of Ludlow Sarles, an incompetent (Crawford's predecessor in title), passed no title to Crawford, in that the proceeding to sell the incompetent's farm of fifty-eight acres, of which the premises the subject of this controversy are a part, was defective and invalid, and that although, in an effort to cure this defect, Crawford procured from certain of the heirs at law of Ludlow Sarles, who died intestate and unmarried October 1, 1898, leaving as his sole heirs at law a brother, sister, nephew and four grandnephews, deeds to the said farm, he failed to procure conveyances from *all* of the heirs of Ludlow Sarles, or from the heirs or devisees of Amy Jane Sarles, his sister, who survived him and upon his death became vested with a one-third interest in the premises, all of whom, therefore, became cotenants and co-owners of an interest in said farm, together with Crawford, and including the premises, the subject of this controversy. It follows, therefore, plaintiffs say, that as one tenant in common cannot create an easement against the property held in common with others (*Crippen* v. *Morss,* 49 N. Y. 63; *Farley* v. *Howard,* 33 Misc. Rep. 57; affd., 60 App. Div. 193; affd., 172 N. Y. 628; *Palmer* v. *Palmer,* 150 id. 139; *City Club* v. *McGeer,* 198 id. 160; *Wilson* v. *Ford,* 209 id. 186, 198), the restriction attempted to be imposed upon the premises in the deed from Crawford to Keller was ineffective and invalid, and the defendant's objection to the title is not well taken.

George Crawford conveyed the premises the subject of this controversy to Annie L. Keller by deed dated August 13, 1897, containing the restrictive covenant above set forth. Annie L. Keller conveyed to William J. Place by deed dated May 31, 1901, subject to the covenant. William J. Place conveyed to Augustus R. Keller by deed dated April 22, 1902, subject to the covenant. Augustus R. Keller conveyed to Wilhelmine Obrock, one of the plaintiffs herein, by deed dated March 19, 1924, free of the covenant contained in the deed from Crawford to Annie L. Keller. George Crawford also conveyed to Annie L. Keller, by deed dated August

40

30, 1899, a lot adjoining the premises in question on the east, which deed contained the same covenant. The title to this parcel on the east eventually found its way by mesne conveyances to Theresa Crolly. The covenant contained in the two conveyances to Annie L. Keller by George Crawford were imposed for the benefit of their premises, and of the remaining land owned by George Crawford, who, however, conveyed this remaining land to Annie E. Bateman, by deed dated June 18, 1905, containing no *restrictive covenant* similar to the one contained in his deeds to Annie L. Keller, except as to that portion of the farm within 500 feet of the homestead, which was restricted against the sale or manufacture of malt or intoxicating liquors and against manufacturing, trade or business purposes. Bateman conveyed said premises to Cohen and Rosenberg by deed dated *June 28, 1905, subject* to the restrictions contained in Crawford's deed to her. Cohen and Rosenberg thereafter conveyed by deed *unrestricted,* dated *December 15, 1905,* to Commuters Realty Company, which subdivided the tract, filed a map on *August 27, 1910,* and thereafter made numerous conveyances to purchasers, in which the lots were restricted for residential purposes but not otherwise, and the right to release the restrictions was reserved to the grantor.

Theresa Crolly, who had acquired the title to the parcel to the east of the ones in question, and Augustus R. Keller, who had acquired the title to the premises the subject of this controversy, on *May 23, 1923,* entered into an agreement in writing, which recited the conveyances by Crawford, the common grantor of the original farm of fifty-eight acres, to them of a portion thereof, and of the balance to Bateman, *without imposing the restrictions contained in their deeds,* and wherein and whereby it was agreed that the restriction contained in their deed against the erection of more than one dwelling house and barn or garage on either of said plots be terminated and annulled.

The title to what had formerly been the fifty-eight-acre farm of Ludlow Sarles, on May 18, 1923, was vested in Augustus R. Keller (who had title to the premises the subject of this controversy), Theresa Crolly (who had title to the plot to the east originally conveyed to Annie L. Keller by Crawford), and in various grantees of the Commuters Realty Company whose title was procured from Cohen and Rosenberg, *unrestricted,* except in so far as contained in the deed from Crawford to Bateman, their predecessor in title, but not as to the erection of one house and barn. The only persons entitled to enforce the restriction on May 18, 1923, were the grantees of Annie L. Keller, viz., Augustus R. Keller, and Theresa Crolly, and Crawford, including his grantees, providing he had conveyed *subject* to the restriction contained in his deeds

to Keller. As to Crawford, I am of the opinion that he estopped himself from enforcing the restriction, and indicated an intention to abandon its enforcement by conveying to Bateman free of the restriction, whose grantees were also estopped by accepting conveyances free therefrom; the only ones left entitled to enforce it were Augustus R. Keller and Theresa Crolly, the grantees of Annie L. Keller by mesne conveyances. The agreement between them, made on May 18, 1923, to annul and terminate the restriction, was sufficient to accomplish its purpose, and Augustus R. Keller was justified in conveying the premises, the subject of this proceeding, to the plaintiff Wilhelmine Obrock, free of the restriction.

This conclusion obviates the necessity of passing upon the question as to whether or not the proceeding to sell the real estate of Ludlow Sarles, an incompetent (the original owner of the fifty-eight-acre farm of which plaintiffs' premises were a part), was defective, or whether or not the defect was cured by the deeds subsequently procured from the heirs at law of the incompetent.

It follows that the plaintiffs' premises were, at the time of the execution of the contract with the defendant, free and clear of the restriction, and as it is conceded there are no other defects or objections to the title, the plaintiffs are entitled to judgment directing the defendant to specifically perform the contract, and pay to plaintiffs the balance of the purchase price, with interest from March 24, 1924, upon the delivery by plaintiffs to defendant of a good and sufficient conveyance, without costs.

Present — KELLY, P. J., RICH, MANNING, KELBY and YOUNG, JJ.

Judgment unanimously directed for plaintiffs on agreed statement of facts, without costs, in accordance with opinion. Settle order on notice.