KATARZYNA ZAMOREX, Plaintiff, *v.* MARY LATZIN, Defendant.

Supreme Court, Erie County, May 31, 1927.

**Adverse possession — title gained by adverse possession is not impaired by temporary cessation of possession — complaint in ejectment, alleging encroachment, must be dismissed where proof shows buildings have been on same location for approximately thirty-five years — fact that one building was torn down and re-erected, does not destroy defendant's right.**

Title gained by adverse possession is not impaired by temporary cessation of possession, even though, during the cessation, the adverse possessor be forbidden to re-establish his possession.

Accordingly, the complaint in this action in ejectment, which alleges that two houses and a fence, erected by defendant's predecessor in title, project over onto plaintiff's lot, must be dismissed, where it appears that the houses and the fence have been constructed and have occupied the space they now occupy for approximately thirty-five years. The fact that for a brief period no house stood on one of the lots, by reason of the fact that defendant caused the house to be torn down and re-erected on the same location, did not destroy defendant's right to the location, particularly in the absence of proof that defendant was forbidden to rebuild the new house upon the location formerly occupied by the one torn down.

ACTION in ejectment, tried before the court, a jury having been waived.

*Donnelly, O' Neil & Lyndal,* for the plaintiff.

*Charles Oishei,* for the defendant.

CROSBY, J.   The facts are free from dispute. Plaintiff and defendant own adjoining lots. Two houses and a fence erected by defendant's predecessors in title project over onto plaintiff's lot. The houses on defendant's lot are located one back of the other and the fence extends from the rear corner of the front house to the front corner of the house in the rear. There is no question whatever of the location of the line between the two lots. The defendant's front house laps over onto plaintiff's lot thirty-seven one-hundredths of a foot at the front and sixty-two one-hundredths of a foot at the back. The rear house laps over forty-six one-

hundredths of a foot in front and one and twenty-five one-hundredths feet at the back. These measurements have reference to the walls and foundation of the houses. The eaves of the front house lap over onto plaintiff's lot an additional one and twenty-five one-hundredths feet, and the eaves of the rear house an additional foot.

These houses and the fence have been built and have occupied the space they now occupy for about thirty-five years. Plaintiff claims the right to compel defendant to remove the rear house at least. This claim is based upon the undisputed fact that in 1924 defendant's rear house was entirely torn down and re-erected in the same location, using for the newly-erected house some of the materials taken from the old house. Plaintiff claims that when the wrongful occupancy of her premises was interrupted for the brief period between the tearing down of the old house and the building of the new one defendant lost the benefit of the prescriptive rights gained through more than twenty years of adverse possession.

It is true that one of the requisites of an adverse possession is that it must be continuous. (*Belotti* v. *Bickhardt*, 228 N. Y. 296, 302.) But when such adverse possession has continued for twenty years it actually confers a title upon the possessor. To be sure, it has been held in the remote past that adverse possession for twenty years had only the effect " to mature a wrong into a right by cutting off the remedy; " and it has been said of the one against whom adverse possession had run: " his title remains, but he has lost his remedy." (*Humbert* v. *Trinity Church*, 24 Wend. 587.)

But that is no longer the law in this State. (See *Baker* v. *Oakwood*, 123 N. Y. 16, 26.) In the case last cited the opinion states (at p. 28): " the real owner's title is lost by acquiescence in adverse possession by another, and   *   *   *   the title lost is gained by the party in possession."

And a title so gained by adverse possession is not impaired by a temporary cessation of possession even though, during the cessation, the adverse possessor be forbidden to re-establish his possession. (*Roulston* v. *Stewart*, 40 App. Div. 200.) In the case at bar there is no proof that defendant was forbidden to rebuild the new house upon the location formerly occupied by the one torn down.

Some of the cases studied in reaching the conclusion hereinbefore indicated are: *Frederiksen* v. *Henke* (Minn.) (46 Am. Law Rep. Ann. 785); *Edwards* v. *Fleming* (Kan.) (33 L. R. A. N. S. 934, 935); *Pearsall* v. *Westcott* (30 App. Div. 99; 45 id. 34); *Stillwell* v. *Boyer* (36 id. 424; affd., 165 N. Y. 621); *Sherman* v. *Kane* (86 id. 57). (See, also, 3 Gerard Real Prop. [6th ed.] 2179, § 1471.)

Plaintiff's complaint should be dismissed, with costs.